USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 1/28/2021

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ASHLY WAGER,

                Plaintiff,

-against-

G4S SECURE INTEGRATION, LLC,

                Defendant.

1:19-cv-03547-MKV-KNF

OPINION AND ORDER
SUSTAINING OBJECTION,
VACATING ORDER IN PART,
AND REMANDING

MARY KAY VYSKOCIL, United States District Judge:

    Plaintiff Ashly Wager ("Plaintiff") objects to the Memorandum and Order of Magistrate Judge Kevin N. Fox dated November 27, 2020, resolving various discovery disputes with Defendant G4S Secure Integration, LLC ("Defendant") insofar as it denied Plaintiff an award of expenses incurred in connection with Plaintiff's motion to compel. [ECF No. 127; *see* ECF No. 125.] For the reasons discussed below, the Court SUSTAINS Plaintiff's objection, VACATES the Memorandum and Order in part insofar as Magistrate Judge Fox declined to consider Plaintiff's request to recover expenses, and REMANDS for further consideration consistent with this Opinion and Order.

## **BACKGROUND**

    The Court referred this matter to Magistrate Judge Kevin N. Fox for general pretrial purposes. [ECF No. 111.] The parties filed cross-motions to compel in connection with several discovery disputes. [ECF Nos. 113–24.] Defendant moved to compel Plaintiff to produce personnel files from her current and former employers and three years of her income tax returns. [ECF No. 113, at 1.] Plaintiff moved (1) to compel document and ESI discovery, including Plaintiff's commission statements and underlying calculations, documents known as "Project Financials," and other documents concerning Plaintiff's commissions and termination; (2) to

compel a forensic copy of "Ron's iPhone" or, in the alternative, to set terms for a forensic review; (3) to compel an updated and complete privilege log; (4) to overrule objections to Plaintiff's nonparty subpoenas; (5) to quash in part Defendant's nonparty subpoenas; and (6) for the costs and fees incurred in connection with the motion, pursuant to Federal Rule of Civil Procedure 37. [ECF No. 114, at 1–2.]

Magistrate Judge Fox entered a Memorandum and Order (1) denying in part and granting in part Defendant's motion and ordering Plaintiff to respond to Defendant's request for personnel files from her current and former employers; and (2) granting in part and denying in part Plaintiff's motion and ordering Defendant (a) to respond to Plaintiff's request for the Project Financials and documents concerning commissions calculations, (b) to produce a forensic copy of Ron's iPhone, and (c) to limit the categories of the subpoenas that may be served on nonparties. [*See generally* ECF No. 125.] Magistrate Judge Fox declined to consider Plaintiff's request for attorneys' fees and costs, explaining as follows:

> Although the plaintiff's notice of motion indicates that the plaintiff requests attorney's fees and costs "pursuant to Fed. R. Civ. P. 37(a)(5)(A) and (e)," the plaintiff failed to make any argument in connection with that request in her motion. The plaintiff only mentioned attorney's fees and costs in her reply brief, responding to the defendant's argument in its opposition to the motion that attorney's fees and costs are not warranted and making citation to legal authorities. Other than making a conclusory assertion, the plaintiff failed to make any argument that the defendant spoliated evidence. In the absence of any argument in support of the affirmative request for attorney's fees and costs in the plaintiff's motion, responding to the defendant's argument that the attorney's fees and costs are not warranted is not an affirmative request for relief. *The Court declines to consider the plaintiff's belated and improper attempt to make a new argument in the reply brief that was omitted from the brief in support of the motion. See Ernst Haas Studio, Inc. v. Palm Press, Inc.*, 164 F.3d 110, 112 (2d Cir. 1999) ("new arguments may not be made in a reply brief").

[ECF No. 125, at 32 (emphasis added).]

Plaintiff timely objected to the denial of an award of attorneys' fees and costs. [ECF No. 127.] Plaintiff argues that in her opening brief she asserted her right to recover expenses under Federal Rule of Civil Procedure 37. [ECF No. 127, at 1, 7.] Plaintiff further argues that she is entitled to attorneys' fees and costs because she prevailed on her motion to compel and Magistrate Judge Fox did not find that Plaintiff failed to cooperate with Defendant or that Defendant's objections to Plaintiff's discovery demands were substantially justified. [ECF No. 127, at 1, 6–7.]

In response, Defendant argues that Plaintiff is not entitled to attorneys' fees and costs because Defendant was substantially justified in its objections to Plaintiff's discovery demands, Plaintiff failed to act in good faith to resolve the discovery disputes, and Plaintiff first requested and argued for fees and costs in her reply brief. [ECF No. 128, at 1.]

## LEGAL STANDARDS

### A. Review of Magistrate Judge's Decision

In reviewing a magistrate judge's order, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). "The standard of review for a magistrate judge's order depends on whether the order is dispositive." *DiPilato v. 7-Eleven, Inc.*, 662 F. Supp. 2d 333, 340 (S.D.N.Y. 2009) (citing 28 U.S.C. § 636(b)(1); and Fed. R. Civ. P. 72(a)). "Matters concerning discovery are generally considered 'nondispositive' of the litigation." *Simmons v. Casella*, No. CV 14-4491 (GRB) (AYS), 2020 WL 1026798, at *2 (E.D.N.Y. Mar. 3, 2020) (quoting *MKTG, Inc. v. Oceanside Ten Holdings.com*, No. 18-CV-953 (SJF)(GRB), 2019 WL 6711459, at *5 (E.D.N.Y. Dec. 10, 2019)). With respect to nondispositive matters, reconsideration and reversal is appropriate "where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); *Fielding v. Tollaksen*, 510 F.3d 175, 178 (2d Cir. 2007). "A magistrate's ruling is contrary to law if it fail[s] to apply or misapplies relevant statutes, case law,

or rules of procedure, and is clearly erroneous if the district court is left with the definite and firm conviction that a mistake has been committed." *Yoo v. Actimize, Inc.*, No. 12 Civ. 8108(VSB), 2014 WL 1087974, at *1 (S.D.N.Y. Mar. 19, 2014) (alteration in original) (quoting *Thai Lao Lignite (Thailand) Co. v. Gov't of Lao People's Democratic Republic*, 924 F. Supp. 2d 508, 512 (S.D.N.Y. 2013)).

The clearly erroneous or contrary-to-law standard is "highly deferential and only permits reversal where the magistrate [judge] abused his discretion." *Mental Disability Law Clinic v. Hogan*, 739 F. Supp. 2d 201, 203 (E.D.N.Y. 2010) (ellipsis omitted) (quoting *Knitting Fever, Inc. v. Coats Holding Ltd.*, No. 05CV1065(DRH)(MLO), 2005 WL 3050299, at *3 (E.D.N.Y. Nov. 14, 2005)). "[B]ecause '[m]agistrate judges have broad discretion in resolving nondispositive matters,' 'a party seeking to overturn a discovery order bears a heavy burden.'" *Grant v. Her Imports NY, LLC*, No. 15-CV-5100 (DLI) (LB), 2017 WL 9938287, at *2 (E.D.N.Y. Mar. 20, 2017) (second alteration in original) (quoting *Gorman v. Polar Electro, Inc.*, 137 F. Supp. 2d 223, 226 (E.D.N.Y. 2001)).

### B. Award of Costs and Fees Under Federal Rule of Civil Procedure 37

"The great operative principle of Rule 37 is that the loser pays the expenses incurred in making or opposing a motion to compel." *Romeo & Juliette Laser Hair Removal, Inc. v. Assara I, LLC*, No. 08 Civ. 442(TPG)(FM), 2013 WL 3322249, at *3 (S.D.N.Y. July 2, 2013) (alteration and internal quotation marks omitted) (quoting *JSC Foreign Econ. Ass'n Technostroyexport v. Int'l Dev. & Trade Servs.*, No. No. 03Civ.5562JGKAJP, 2005 WL 1958361, at *14 (S.D.N.Y. Aug. 16, 2005)). Pursuant to Federal Rule of Civil Procedure 37(a)(5)(A), if a motion to compel is granted:

> the court *must*, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses

> incurred in making the motion, including attorney's fees. But the court must not order this payment if:
>> (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;
>> (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or
>> (iii) other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(a)(5)(A) (emphasis added); *see Walker v. Carter*, No. 12-CV-5384 (ALC)(RLE), 2015 WL 9450843, at *2 (S.D.N.Y. Dec. 23, 2015).

To recover expenses under Rule 37(a)(5)(A), "the only requirements are that a party has made a motion for 'an order compelling disclosure or discovery' and that 'the motion is granted.'" *John Wiley & Sons, Inc. v. Book Dog Books, LLC*, No. 13 Civ. 816 (WHP) (GWG), 2014 WL 12902178, at *1 (S.D.N.Y. June 5, 2014) (first quoting Fed. R. Civ. P. 37(a)(1); then quoting Fed. R. Civ. P. 37(a)(5)(A)). The prevailing party therefore "is presumptively entitled to an award of motion expenses, including reasonable attorney's fees." *Kregler v. City of New York*, No. 08 Civ. 6893(VM)(MHD), 2013 WL 1415228, at *2 (S.D.N.Y. Apr. 8, 2013). Accordingly, "the burden of persuasion [is] on the losing party to avoid assessment of expenses and fees rather than . . . on the winning party to obtain such an award." *Pegoraro v. Marrero*, No. 10 Civ. 00051(AJN)(KNF), 2012 WL 5964395, at *4 (S.D.N.Y. Nov. 28, 2012) (alteration in original) (quoting 8B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2288 (3d ed. 2010)); *see Romeo & Juliette Laser Hair Removal, Inc.*, 2013 WL 3322249, at *4 (alteration in original) ("Rule 37 'places the burden on the disobedient party to avoid expenses [including attorneys' fees] by showing that his failure is justified.'" (quoting *JSC Foreign Econ. Ass'n Technostroyexport*, 2005 WL 1958361, at *11)).

If a motion to compel is granted in part and denied in part, "the court . . . may, after giving an opportunity to be heard, apportion the reasonable expenses for the motion." Fed. R. Civ. P. 37(a)(5)(C). Courts in this circuit have concluded that "Rule 37(a)(5)(C) effectively incorporates

5

the substantive standards of Rule 37(a)(5)(A)." *Rahman v. Smith & Wollensky Rest. Grp.*, No. 06CV6198, 2009 WL 2169762, at *2 n.1 (S.D.N.Y. July 21, 2009); *accord Alliance Indus., Inc. v. Longyear Holding, Inc.*, No. 08CV490S, 2010 WL 3991636 at *5 (W.D.N.Y. Oct. 12, 2010). Therefore, in determining whether to award expenses under Rule 37(a)(5)(C), courts must consider the three exceptions listed under Rule 37(a)(5)(A). *See SEC v. Yorkville Advisors, LLC*, No. 12 Civ. 7728(GBD)(HBP), 2015 WL 855796, at *6 (S.D.N.Y. Feb. 27, 2015). Furthermore, an award of "expenses" under Rule 37(a)(5)(C) may include attorneys' fees. *See id.* at *5; *Charter Practices Int'l, LLC v. Robb*, No. 3:12cv1768 (RNC), 2014 WL 273855, at *5 (D. Conn. Jan. 23, 2014).

## **DISCUSSION**

As a threshold matter, the Court finds that the issue concerning recovery of expenses in connection with Plaintiff's motion to compel arises under Rule 37(a)(5)(A). Plaintiff's motion was granted with the limited exception of Plaintiff's request for an updated and complete privilege log, which Magistrate Judge Fox denied as moot after having compelled production of certain documents and ESI. [*See* ECF No. 125, at 27.] It cannot reasonably be disputed that, at bottom, Plaintiff largely prevailed on her motion. Accordingly, the expense-shifting provision under Rule 37(a)(5)(A), not Rule 37(a)(5)(C), applies.

Turning to the substance of Plaintiff's objection, the Court finds that Magistrate Judge Fox clearly erred and ruled contrary to law in declining even to consider Plaintiff's request for attorneys' fees and costs in connection with her motion to compel. Magistrate Judge Fox found that Plaintiff "failed to make any argument in connection with that request in her motion." [ECF No. 125, at 32.] However, this is clearly erroneous. In her notice of motion, Plaintiff explicitly sought "costs and fees relating to this application" [ECF No. 114, at 2], and in her brief in support of her motion, Plaintiff requested attorneys' fees and costs four separate times [ECF No. 117, at 1,

4, 15, 19]. Indeed, Defendant's opposition acknowledges that Plaintiff requested costs and fees incurred in connection with her motion to compel. [ECF No. 120, at 10.]

Moreover, Magistrate Judge Fox found that Plaintiff waived her right to recover expenses because she failed to raise "any argument in support of the affirmative request for attorney's fees and costs in [her] motion" and "only mentioned attorney's fees and costs in her reply brief, responding to the defendant's argument in its opposition to the motion that attorney's fees and costs are not warranted." [ECF No. 125, at 32.] This finding is contrary to the clear mandate of Rule 37(a)(5)(A) and well-established caselaw.

The plain terms of Rule 37(a)(5)(A)—"the court must"—imposes a mandatory award of expenses. *See, e.g.*, 73 Am. Jur. 2d *Statutes* § 12, Westlaw (database updated Nov. 2020) ("Words or phrases which are generally regarded as making a provision mandatory include 'shall' and 'must.'"); *see also Novak v. Wolpoff & Abramson LLP*, 536 F.3d 175, 178 (2d Cir. 2008) (noting that with respect to Rule 37(b)(2), "[t]he use of the word 'shall' certainly suggests that an award of expenses is mandatory unless one of the two exceptions—substantial justification or other circumstances—applies"). Indeed, it is widely accepted that an award of expenses under Rule 37(a)(5)(A) is mandatory unless one of the three exceptions applies. *See Creative Res. Grp. of N.J. v. Creative Res. Grp., Inc.*, 212 F.R.D. 94, 103 (S.D.N.Y. 2002) ("The rule provides, in fact, that the losing party on a motion to compel **must** pay reasonable expenses, barring extenuating circumstances." (collecting sources)); 2 Discovery Proceedings in Federal Court § 21:9, Westlaw (database updated Sept. 2020) ("An award of expenses is mandatory unless the court finds the presence of circumstances justifying the losing party's conduct or making the award unjust."); *see also Perez v. Lasership, Inc.*, No. 3:15-mc-00031 (CSH), 2015 WL 11109330, at *7 (D. Conn. Sept. 18, 2015) (finding that because no exception under Rule 37(a)(5)(A) applies, "the Court is

required to order Respondent to pay Petitioner's costs and expenses in bringing the instant Petition").

Because an award of expenses under Rule 37(a)(5)(A) is mandatory, a movant is not required to present substantive arguments in her opening brief to show why she is entitled to recover expenses incurred in connection with her motion to compel.  Rather, once a motion to compel is granted, the losing party bears the burden to show that an exception applies to avoid Rule 37(a)(5)(A)'s fee-shifting mandate.  *Romeo & Juliette Laser Hair Removal, Inc.*, 2013 WL 3322249, at *4; *Pegoraro*, 2012 WL 5964395, at *4.

Here, Defendant bears the burden to show that Plaintiff failed to attempt in good faith to obtain the discovery without judicial intervention, Defendant's nondisclosure was substantially justified, or an award of expenses would be unjust.  *See* Fed. R. Civ. P. 37(a)(5)(A); *Romeo & Juliette Laser Hair Removal, Inc.*, 2013 WL 3322249, at *4; *Pegoraro*, 2012 WL 5964395, at *4; *see also Rickels v. City of South Bend*, 33 F.3d 785, 787 (7th Cir. 1994) ("A loser may avoid payment by establishing that his position was substantially justified.").  By declining to consider Plaintiff's request for expenses because Plaintiff failed to make "any argument in support of the affirmative request for attorney's fees and costs in [her] motion" [ECF No. 125, at 32], Magistrate Judge Fox improperly shifted the burden of persuasion from Defendant, the losing party, to Plaintiff, the prevailing party.  Moreover, Plaintiff's discussion of fees and costs in her reply brief [*see* ECF No. 122, at 10–11] responds directly to Defendant's arguments in its opposition brief that Defendant should not bear Plaintiff's expenses should Plaintiff prevail on her motion [ECF No. 120, at 10]—a dialogue consistent with an understanding that Plaintiff did, in fact, seek expenses and Defendant's burden to rebut the presumption that a prevailing movant is entitled to recover expenses.  *See Kregler*, 2013 WL 1415228, at *2.  It is evident therefore that Plaintiff's request for an award of expenses in her notice of motion and opening brief—albeit perfunctory—

8

put Defendant on notice that she intended to move to recover expenses in the event she succeeded on her motion and gave Defendant an opportunity to be heard on the issue of expenses, as required under Rule 37.  *See* Fed. R. Civ. P. 37(a)(5).

A successful movant does not waive her entitlement to expenses under Rule 37(a)(5)(A) by failing to provide a well-developed argument on the issue in her opening brief.  In this district, it is common and accepted practice for litigants to file separate applications for attorneys' fees and costs under Rule 37(a)(5)(A) after prevailing on a motion to compel.  *See, e.g.*, *Roth v. Cheesecake Factory Rests., Inc.*, No. 19-CV-6570 (GBD) (BCM), 2020 WL 1816196, at *1–2 (S.D.N.Y. Apr. 10, 2020); *Rogue Wave Software, Inc. v. BTI Systems, Inc.*, No. 16 Civ. 7772 (VM), 2018 WL 6920770, at *3 (S.D.N.Y. Dec. 14, 2018); *Au New Haven, LLC v. YKK Corp.*, No. 15-CV-03411 (GHW)(SN), 2018 WL 333828, at *1 (S.D.N.Y. Jan. 5, 2018); *Spirit Realty, L.P. v. GH&H Mableton, LLC*, 319 F.R.D. 474, 475 (S.D.N.Y. 2017).  Courts commonly order briefing on fees and costs after deciding a motion to compel.  *See, e.g.*, *MPD Accessories, B.V. v. Urban Outfitters, Inc.*, No. 12 Civ. 6501(LTS)(KNF), 2013 WL 3816598, at *1 (S.D.N.Y. July 22, 2013) (noting that court ordered supplemental briefing on "whether any exception exists to awarding mandatory attorney's fees"); *Bravia Capital Partners, Inc. v. Fike*, 296 F.R.D. 136, 138 (S.D.N.Y. 2013) (directing prevailing party to file evidence establishing expenses incurred in making the motion to compel).  Accordingly, where a prevailing party first requests expenses in a reply brief, courts in this circuit do not deem the issue waived; instead, they order further briefing to give the losing party an opportunity to be heard, as required by Rule 37(a)(5)(A).  *See SEC v. Yorkville Advisors, LLC*, 300 F.R.D. 152, 168 (S.D.N.Y. 2014) (denying request for expenses first raised in movant's reply papers without prejudice to renewal through formal motion to give nonmovant opportunity to be heard on the issue (collecting cases)); *Noble Ams. Corp. v. Iroquois Bio–Energy Co., LLC*, 12 Civ. 3236(JMF), 2012 WL 5278505 at *4 (S.D.N.Y. Oct. 25, 2012) (ordering response brief to

movant's request for expenses first raised in reply brief); *Mercer Tool Corp. v. Friedr. Dick GmbH*, 175 F.R.D. 173, 176–77 (E.D.N.Y. 1997) (denying without prejudice request for costs first raised in reply brief, which "precluded the plaintiff from submitting substantial responsive papers").

Plaintiff argues that she is entitled to recover expenses from Defendant because Magistrate Judge Fox did not find that Plaintiff failed to meet and confer or that Defendant's objections were substantially justified. [ECF No. 127, at 6.] But a careful review of the Memorandum and Order reveals that Magistrate Judge Fox never addressed these issues because he concluded that Plaintiff had waived her request to recover expenses. This Court declines to address in the first instance these issues—specifically, whether any of the three exceptions under Rule 37(a)(5)(A) apply—and defers to Magistrate Judge Fox to determine whether Defendant has rebutted the presumption of a mandatory fee award.

## CONCLUSION

Based on the foregoing, the Court SUSTAINS Plaintiff's objection, VACATES the Order in part insofar as Magistrate Judge Fox declined to consider Plaintiff's request to recover expenses incurred in connection with her motion to compel, and REMANDS for further consideration of Plaintiff's request for expenses consistent with this Opinion and Order and Rule 37.

**SO ORDERED.**

**Date: January 28, 2021**  
**New York, NY**

_Mary Kay Vyskocil_
**MARY KAY VYSKOCIL**
**United States District Judge**