UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ASHLY WAGER,<br><br>    Plaintiff,<br><br> v.<br><br>G4S SECURE INTEGRATION, LLC,<br><br>    Defendant. | Case No. 1:19-CV-03547-MKV-KNF |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF ASHLY WAGER'S
MOTION FOR AN AWARD OF FEES AND COSTS, INCLUDING ATTORNEYS' FEES**

DUNNINGTON BARTHOLOW & MILLER LLP
Samuel A. Blaustein
Kamanta C. Kettle
Sixtine Bousquet-Lambert
230 Park Avenue, 21st Floor
New York, NY 10169-2403
Tel: (212) 682-8811
Fax: (212) 661-7769

*Attorneys for Plaintiff Ashly Wager*

## **TABLE OF CONTENTS**

PRELIMINARY STATEMENT ...................................................................................................1

LEGAL STANDARD......................................................................................................................2

ARGUMENT...................................................................................................................................6

    I.    THE COURT SHOULD AWARD WAGER FEES BASED ON THE LODESTAR AMOUNT ..........................................................................................................................6

        A.  The Hourly Rates Underlying Wager's Fee Application Are Reasonable ....................6

        B.  The Hours Underlying Wager's Fee Application Are Reasonable..............................10

    II.   WAGER SHOULD BE AWARDED HER FEES IN CONNECTION WITH THE INSTANT FEE APPLICATION ......................................................................................13

CONCLUSION..............................................................................................................................14

# **TABLE OF AUTHORITIES**

Page(s)

**Cases**

*Abraham v. Leigh*,
    17 Civ. 5429 (KPF), 2020 WL 5512718 (S.D.N.Y. Sept. 14, 2020) ......................................... 9

*Balu v. City of New York*,
    12 Civ. 1071, 2016 WL 884666 (S.D.N.Y. Mar. 8, 2016) ....................................................... 7

*Barfield v. New York Health and Hosps. Corp.*,
    537 F.3d 132 (2d Cir. 2008) ..................................................................................................... 9

*Basile v. Spagnola*,
    No. 05 Civ. 10699, 2008 WL 11456282 (S.D.N.Y. July 30, 2008) ......................................... 4

*Bravia Capital Partners, Inc. v. Fike*,
    296 F.R.D. 136 (S.D.N.Y. 2013) ......................................................................................... 3, 5

*Carrington v. Graden*,
    *No*. 18 CIV. 4609 (KPF), 2020 WL 5758916 (S.D.N.Y. Sept. 28, 2020) ............................. 13

*Charlestown Cap. Advisors, LLC v. Acero Junction, Inc.*,
    No. 18CV4437JGKBCM, 2021 WL 1549916 (S.D.N.Y. Apr. 20, 2021) .............................. 14

*Farbotko v. Clinton County of New York*,
    433 F.3d 204 (2d Cir. 2005) ..................................................................................................... 4

*Fertitta v. Knoedler Gallery, LLC*,
    No. 14-CV-2259 (JPO), 2018 WL 4961454 (S.D.N.Y. Oct. 15, 2018) ................................. 10

*Herbalist & Alchemist, Inc. v. Alurent Prod, Inc.*,
    No. 16 Civ. 9204 (ER), 2018 WL 3329857 (S.D.N.Y. July 5, 2018) ..................................... 10

*iPAYMENT, Inc., Plaintiff-Appellant, v. Andrew Silverman, et al., Defendants-Respondents.*,
    2021 NY Slip Op 66211(U) (1st Dept. May 18, 2021) ............................................................ 9

*Johnson v. Georgia Highway Express, Inc.*,
    488 F.2d 714 (5th Cir. 1974) ................................................................................................ 4, 8

*Joint Stock Co. Channel One Russia Worldwide v. Infomir LLC*,
    16-CV-1318 (GBD)(BCM), 2019 WL 11824921 (S.D.N.Y. May 24, 2019) ..................... 4, 10

*Joint Stock Co. Channel One Russia Worldwide v. Infomir LLC*,
    No. 16CV1318GBDBCM, 2019 WL 11825219 (S.D.N.Y. June 13, 2019) ............................ 7

*Lilly v. City of New York*,
   934 F.3d 222 (2d Cir. 2019)..................................................................................................5

*Margel v. E.G.L. Gem Lab Ltd.*,
   2009 WL 302069 ................................................................................................................10

*Mazzei v. Money Store*,
   2015 WL 2129675 (S.D.N.Y. May 6, 2015) .........................................................................8

*Medina v. Buther*,
   2019 WL 4370239 (S.D.N.Y. Sept. 12, 2019)......................................................................5

*Millea v. Metro-North R. Co.*,
   658 F.3d 154 (2d Cir. 2011)..................................................................................................3

*New York State Ass'n for Retarded Children v. Carey*,
   711 F.2d at 1146 ..............................................................................................................5, 11

*Novick v. AXA Network, LLC*,
   No. 07-CV-7767 AKH KNF, 2015 WL 764021 (S.D.N.Y. Feb. 23, 2015)...........................13

*Reiter v. MTA N.Y.C. Transit Auth.*,
   457 F.3d 224 (2d Cir. 2006)..................................................................................................4

*Romeo and Juliette Laser Hair Removal, Inc. v. Assara I, LLC*,
   No. 08 Civ. 442 (TPG)(FM), 2013 WL 3322249 (S.D.N.Y. July 2, 2013)............................5

*Roth v. Cheesecake Factory Restaurants, Inc.*,
   19-cv-6570, 2020 WL 1816196 (S.D.N.Y. Apr. 19, 2020) ...................................................4

*Sanson v. City of New York*,
   19 Civ. 2569 (AT), 2021 WL 1191566 (Mar. 30, 2021) .......................................................7

*Scott v. City of New York*,
   643 F.3d 56 (2d Cir. 2011)....................................................................................................5

*Simmons v. N.Y. City Trans. Auth.*,
   575 F.3d 170 (2d Cir. 2009)..................................................................................................4

*Skanga Energy & Marine Ltd. v. Arevenca S.A.*,
   No. 11 Civ. 4296 (DLC)(DF), 2014 WL 2624762 (S.D.N.Y. May 19, 2014) ........................3

*Spirit Realty, L.P. v. GH&H Mabelton, LLC*,
   319 F.R.D. 474 (S.D.N.Y. 2017) ...........................................................................................3

*In re Stock Exchs. Options Trading Antitrust Litig.*,
   No. 99 Civ. 962 (RCC), 2006 WL 3498590 (S.D.N.Y. Dec. 4, 2006) ................................4, 6

*In re Terrorist Attacks on Sept. 11, 2001*,
    2015 WL 6666703 .......................................................................................................4, 6

*Torres v. Gristede's Operating Corp.*,
    519 Fed.App'x 1 (2d Cir. 2013)....................................................................................3, 6

*Underdog Trucking, L.L.C. v. Verizon Services Corp.*,
    276 F.R.D. 105 (S.D.N.Y. 2011) ..............................................................................3, 4, 5

*Valley Disposal, Inc. v. Central Vt. Solid Waste Mgmt. Dist.*,
    71 F.3d 1053 (2d Cir.1995).............................................................................................13

*Wager v. G4S Secure Integration, LLC*,
    No. 119CV03547MKVKNF, 2021 WL 29307 (S.D.N.Y. Jan. 28, 2021)..................................2

*Wager v. G4S Secure Integration, LLC*,
    No. 19 Civ. 3547(MKV)(KNF), 2021 WL 293076 (S.D.N.Y. Jan. 28, 2021) ........................11

**Statutes**

Fed. R. Civ. P. 37................................................................................................... *passim*

Fed. R. Civ. P. 45..........................................................................................................1

Plaintiff Ashly Wager ("Wager") submits this memorandum of law in support of her motion for an award of reasonable expenses, including costs and attorneys' fees, incurred in connection with her motion, *inter alia*, to compel discovery from Defendant, G4S Secure Integration LLC ("G4S"), ECF Nos. 114–117 ("Motion to Compel") pursuant to pursuant to Rule 37(a)(5)(A) of the Federal Rules of Civil Procedure. Wager seeks $77,838.25 in expenses and $1,383.37 in costs as set forth below. Wager also seeks an award of fees and costs in connection with the instant application and respectfully requests that the Court schedule an inquest should the parties not be able to reach an accord on that issue. None of the statutory exceptions provided for in Rule 37 apply and Wager should be granted all of the fees and costs set forth herein.

## PRELIMINARY STATEMENT

In August of 2020 Wager moved pursuant to Federal Rule of Civil Procedure 37(a) to compel G4S' production of: (i) documents pertaining to the calculation of Wager's earned commissions referred to as the "Project Financials") and other documents concerning Wager's commissions and termination from G4S; and (ii) the forensic copy of "Ron's iPhone" in the possession of G4S's counsel. (ECF 114). Wager's Motion to Compel also sought, *inter alia,* an order denying G4S' discovery motion; an order overruling G4S' objections to non-party subpoenas issued by Wager pursuant to Fed. R. Civ. P. 45; quashing certain non-party subpoenas issued by G4S; and for costs and fees pertaining to the motion. *Id.* On November 27, 2020, the Court issued an Order that substantially granted Wager's requests for relief and, in respect of those aspects of the Motion to Compel made pursuant to Rule 37(a), granted Wager's requests in their entirety ("Discovery Order") (ECF 125). However, the Discovery Order did not award costs and fees.

By Opinion and Order dated January 28, 2021 the Hon. Mary Kay Vyskocil sustained Wager's limited objection to the Discovery Order and remanded the issue of costs and fees to Your

1

Honor (the "Fee Order") (ECF 132). The Fee Order determined that Wager succeeded in obtaining a substantial portion of the relief requested in her Motion to Compel and therefore is entitled to recover her reasonable expenses pursuant FRCP 37(a)(5)(A). (Fee Order at 6 (finding that "the expense shifting provision under Rule 37(a)(5)(A), not Rule 37(a)(5)(C), applies.")).

The District Court found that G4S was on notice of Wager's request for costs and fees given G4S' opposition papers. (Fee Order at 7 citing ECF 120 at 10) ("Defendant's opposition acknowledges that Plaintiff requested costs and fees incurred in connection with her motion to compel"). The District Court further held that under Rule 37(a)(5)(A) that "Defendant bears the burden to show that Plaintiff failed to attempt in good faith to obtain the discovery without judicial intervention, Defendant's nondisclosure was substantially justified, or an award of expenses would be unjust." (Fee Order at 8).

The Fee Order provides for the Court to consider the issue of expenses in the first instance. (Fee Order at 10). The Court therefore set a briefing schedule and authorized this motion on June 8, 2021 (ECF 149). In light of the Fee Order, the only issues remaining for the Court's consideration are (i) whether G4S can establish an exception to the general rule requiring it to pay Wager's reasonable expenses (including attorneys' fees) in bringing the Motion to Compel and, failing to do so; and (ii) the reasonable fee to be awarded to Wager as the prevailing party on her Discovery Motion and in successfully opposing G4S' discovery motion. *See Wager v. G4S Secure Integration, LLC,* No. 119CV03547MKVKNF, 2021 WL 29307 (S.D.N.Y. Jan. 28, 2021).

## **LEGAL STANDARD**

Following a successful motion to compel discovery, Federal Rule of Civil Procedure 37(a)(5)(A) provides for a mandatory award of reasonable expenses to the moving party, including attorneys' fees, unless the nonmoving party demonstrates that: (i) the movant failed in good faith

to seek disclosure prior to filing a motion to compel; (ii) its failure to cooperate in discovery was justified; or (iii) such an award would be unjust. Fed. R. Civ. P. 37(a)(5)(A). None of the exceptions applies here.

The rule serves two purposes: to deter discovery abuses and compensate the prevailing party for expenses it would not have incurred had the sanctioned party conducted itself properly. *See Spirit Realty, L.P. v. GH&H Mabelton, LLC*, 319 F.R.D. 474, 475 (S.D.N.Y. 2017) (citing *SJ Berwin & Co. v. Evergreen Entm't Group*, 1994 WL 501753, at *2 (S.D.N.Y. Sept. 14, 1994)). Thus, in shifting costs to the losing party, "[t]he essential goal . . . is to do rough justice, not to achieve auditing perfection." *Torres v. Gristede's Operating Corp.*, 519 Fed.App'x 1, 3 (2d Cir. 2013) *citing Fox v. Vice*, ---U.S.---, 131 S.Ct. 2205, 2216, 180 L.Ed.2d 45 (2011)).

The Court has discretion to determine the reasonable amount of fees to be awarded under Rule 37(a)(5). *See Skanga Energy & Marine Ltd. v. Arevenca S.A.*, No. 11 Civ. 4296 (DLC)(DF), 2014 WL 2624762, at *2 (S.D.N.Y. May 19, 2014) *citing Hensley v. Eckerhart*, 461 U.S. 424, 437, 103 S.Ct. 1933, 76 L.Ed.2d 40). However, "[w]hen exercising their discretion to determine the reasonableness of attorneys['] fees, courts in this judicial district use the 'presumptively reasonable fee' standard." *Bravia Capital Partners, Inc. v. Fike*, 296 F.R.D. 136, 143 (S.D.N.Y. 2013); *see also Underdog Trucking, L.L.C. v. Verizon Services Corp.*, 276 F.R.D. 105, 108 (S.D.N.Y. 2011) (noting that "[t]he traditional starting point for determining a reasonable fee award is calculating the "lodestar" amount, otherwise called "the presumptively reasonable fee." (citing *Perdue v. Kenny A. ex rel. Winn*, ---U.S.---, 130 S.Ct. 1662, 1672–73, 176 L.Ed.2d 494, (2010)); *Millea v. Metro-North R. Co.*, 658 F.3d 154, 167 (2d Cir. 2011) ("absent extraordinary circumstances, failing to calculate [the lodestar] a starting point is legal error", given its "presumptive reasonability.").

3

The lodestar amount is calculated by multiplying the reasonable number of hours that the case requires by the reasonable hourly rate. *Roth v. Cheesecake Factory Restaurants, Inc.*, 19-cv-6570, 2020 WL 1816196, at *2 (S.D.N.Y. Apr. 19, 2020). A reasonable hourly rate is the rate a "'paying client would be willing to pay,' bearing in mind that a 'reasonable paying client wishes to spend the minimum necessary to litigate the case effectively.'" *Underdog Trucking, L.L.C.*, 276 F.R.D. at 108 (citations omitted).

A fee applicant bears the burden of 'produc[ing] satisfactory evidence that its requested rates are 'in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation.'" *Joint Stock Co. Channel One Russia Worldwide v. Infomir LLC*, 16-CV-1318 (GBD)(BCM), 2019 WL 11824921, at *4 (S.D.N.Y. May 24, 2019) (internal citation omitted). While the Court may rely on its own knowledge of private firm hourly rates, *see In re Terrorist Attacks on Sept. 11, 2001*, 2015 WL 6666703, at *4, an "attorney's customary billing rate for fee-paying clients is ordinarily the best evidence of' a reasonable hourly rate." *In re Stock Exchs. Options Trading Antitrust Litig.*, No. 99 Civ. 962 (RCC), 2006 WL 3498590, at *9 (S.D.N.Y. Dec. 4, 2006).[1]

Courts in the Second Circuit may also consider several case-specific factors in determining the presumptively reasonable fee, which are laid out in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974) (the "*Johnson* Factors"). Such factors include:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of

---

[1] Courts also consider rates to be reasonable when they are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation. *See Basile v. Spagnola*, No. 05 Civ. 10699, 2008 WL 11456282, at *2 (S.D.N.Y. July 30, 2008) (citing *Blum v. Stenson*, 465 U.S. 886, 896 n.11 (1986)). For purposes of this analysis, the relevant community is the district in which the reviewing court sits. *Farbotko v. Clinton County of New York*, 433 F.3d 204, 208 (2d Cir. 2005) (citing *Polk v. N.Y. State Dep't of Corr. Servs.*, 722 F.2d 23, 25 (2d Cir. 1983)); *see also Simmons v. N.Y. City Trans. Auth.*, 575 F.3d 170, 174 (2d Cir. 2009) (referring to this principle as the "forum rule"); *Underdog Trucking*, 276 F.R.D. at 108 (citing *In re Agent Orange Prod. Liab. Litig.*, 818 F.2d 226, 232 (2d Cir. 1987)). The rates used must be "current rather than historic." *Reiter v. MTA N.Y.C. Transit Auth.*, 457 F.3d 224, 232 (2d Cir. 2006)).

> employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Bravia Capital Partners, Inc. v. Fike*, 296 F.R.D. at 143. While these factors may be applied to adjust an attorney's reasonable rate above or below prevailing rates, a court may only adjust the presumptively reasonable fee when it "does not adequately take into account a factor that may properly be considered in determining a reasonable fee." *Lilly v. City of New York*, 934 F.3d 222, 230 (2d Cir. 2019) *citing Millea v. Metro-North R. Co.*, 658 F.3d 154, 167 (2d Cir. 2011)); *Medina v. Buther*, 2019 WL 4370239, *6 (S.D.N.Y. Sept. 12, 2019) *citing Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542 (2010)).

After determining an appropriate hourly rate, the court must calculate a reasonable number of hours expended. *Underdog Trucking*, 276 F.R.D. at 110 *citing Gierlinger v. Gleason*, 160 F.3d 858, 876 (2d Cir. 1998)). To do this, the court must examine contemporaneous time records that identify, for each attorney, the hours expended upon a task, "with a view to the value of the work product of the specific expenditures to the client's case." *See id.* at 110 *citing Luciano v. Olsten Corp.*, 109 F.3d 111, 116 (2d Cir. 1997); *Scott v. City of New York*, 643 F.3d 56, 57–58 (2d Cir. 2011)). The court may also rely on its own experience as well as its experience with similar submissions and arguments in its analysis. *Id. citing Clarke v. Frank*, 960 F.2d 1146, 1153 (2d Cir. 1992)).

Because "it is unrealistic to expect a trial judge to evaluate and rule on every entry in an application," N*ew York State Ass'n for Retarded Children v. Carey,* 711 F.2d at 1146, "[a]s a concession to the mortality of judges, the law does not require a line item review of fee applications." *Romeo and Juliette Laser Hair Removal, Inc. v. Assara I, LLC*, No. 08 Civ. 442

5

(TPG)(FM), 2013 WL 3322249, at *3 (S.D.N.Y. July 2, 2013); *Torres v. Gristede's Operating Corp.*, 519 Fed.App'x. at 3 (in evaluating an application for attorneys' fees, district courts "need not, and indeed should not, become green-eyeshade accountants.").

## ARGUMENT

**I.    THE COURT SHOULD AWARD WAGER FEES BASED ON THE LODESTAR AMOUNT**

A.  <u>The Hourly Rates Underlying Wager's Fee Application Are Reasonable</u>

Wager seeks $77,838.25 in expenses and $1,383.37 in costs.  The fees and costs sought are based upon the actual rates she agreed to pay — and has paid — her legal counsel, Dunnington Bartholow & Miller, LLP,[2] to enforce G4S' compliance with its discovery obligations, and are presumptively reasonable.  *See* Declaration of Samuel A. Blaustein dated June 21, 2021 ("Blaustein Decl.") ¶ 3. *See In re Stock Exchs. Options Trading Antitrust Litig.*, 2006 WL 3498590, at *9 (discussed *supra*). Moreover, the hourly rates underlying Wager's fee request are "in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *In re Terrorist Attacks on Sept. 11, 2001*, 2015 WL 6666703, at *4 (S.D.N.Y. Oct. 28, 2015) *quoting Pearson Educ., Inc. v. Vergara*, 2010 WL 3744033, at *6 (S.D.N.Y. Sept. 27, 2010), *report and recommendation adopted*, 2015 WL 9255560 (S.D.N.Y. Dec. 18, 2015)).

The following chart represents the hourly rates billed by the attorneys and paralegals who performed work in connection with the Motion to Compel:

---

[2] Wager has fully satisfied all Dunnington invoices issued from March 2019 to June 2021, with the exception of fees and disbursement billed in July 2020 (which were partially paid), October 2020, and February 2021. Blaustein Decl. ¶ 6.

| Name | Initials | Position | Hourly Rate 2020 |
|---|---|---|---|
| Samuel Blaustein | SAB | Partner | $425 |
| Sixtine Bousquet-Lambert | SBL | Associate | $325 |
| Christopher Vidulich | CV | Paralegal | $195 |

Plaintiff requests that the Court award her fees incurred by lead counsel, Samuel A. Blaustein, at his customary rates of $425 (through 2020) and $475 per hour (as of 2021). *See* Blaustein Decl. ¶ 10. Mr. Blaustein is a member of Dunnington Bartholow & Miller, LLP, and served as the principal drafter of the Motion to Compel. Blaustein Decl. ¶¶ 1; 6. Following a clerkship in this district, Mr. Blaustein has been admitted to practice in this district for more than twelve (12) years during which time he has litigated cases concerning labor and employment laws. *Id*. ¶¶ 14–15. Mr. Blaustein has been recognized by Super Lawyers® as a "Rising Star" since 2014, and a "Top Rated General Litigation Attorney in New York, NY". *Id.* ¶ 16. Mr. Blaustein graduated from Brooklyn Law School in 2007, and served as a law clerk for the Hon. Laura Taylor Swain and the Hon. George B. Daniels in the Southern District of New York from June 2009 to September 2010. *Id.* ¶¶ 14–15.

Mr. Blaustein's hourly rates are commensurate with the prevailing market rates charged by other lawyers at private firms having similar skill, experience and reputation. In 2019 the Honorable Barbara C. Moses of this Court approved Mr. Blaustein's proposed rate of $400 per hour for work completed in prior years in *Joint Stock Co. Channel One Russia Worldwide v. Infomir LLC,* No. 16CV1318GBDBCM, 2019 WL 11825219, at *4 (S.D.N.Y. June 13, 2019). *See also Sanson v. City of New York*, 19 Civ. 2569 (AT), 2021 WL 1191566, at *3 (Mar. 30, 2021) (citations omitted) (acknowledging that "[t]he customary rate for experienced litigators ranges from about $400 to $600 per hour in civil rights cases"); *Balu v. City of New York*, 12 Civ. 1071,

7

2016 WL 884666, at *4 (S.D.N.Y. Mar. 8, 2016) (setting rate of $450 per hour for experienced trial counsel in an employment discrimination case.); *see also Bravia Capital Partners, Inc. v. Fike*, 296 F.R.D. at 143–145 (awarding, in 2013, a reasonable hourly rate of $375 to a law firm partner, who was the principal drafter of the motion to compel, with 15 years of experience); *Mazzei v. Money Store*, 2015 WL 2129675, at *3 (S.D.N.Y. May 6, 2015) (awarding hourly rate of $450 to attorney with fifteen years of experience in the area of complex litigation in federal and state courts).

Moreover, applying the *Johnson* Factors to the rates requested for Mr. Blaustein, the Court should find that his rates are appropriate in light of the time and effort put into the Motion to Compel—consisting of an exhaustive, 32-page Memorandum of Law, and two sworn declarations attaching a combined forty-three (43) exhibits. *See* Blaustein Decl. ¶ 20. Plaintiff's Motion to Compel, moreover, concerned numerous discovery disputes that were vigorously disputed between the parties, including G4S' deficient response to Wager's requests for document and ESI discovery, failure to produce critical documents pertaining to Wager's termination and outstanding commissions and refusal to allow Wager to conduct a forensic analysis of the device known as "Ron's iPhone" in contravention of this Court's previous orders; G4S' objections to Wager's post-deposition discovery requests made on May 26, 2020; G4S' May 8, 2020 objections to Wager's proposed nonparty subpoenas; and G4S' failure to provide Wager with a complete and updated privilege log.

Finally, Wager succeeded in obtaining every single item of relief requested in her Motion to Compel, with the sole exception of her motion for an updated and completed privilege log, which the Court denied as moot after compelling G4S to produce certain documents and ESI. (Fee Order at 6). As the U.S. Supreme Court has observed, "'the most critical factor' in a district court's

determination of what constitutes reasonable attorneys' fees in a given case is the 'degree of success obtained' by the plaintiff". *Barfield v. New York Health and Hosps. Corp.*, 537 F.3d 132, 152 (2d Cir. 2008) *citing Farrar v. Hobby*, 506 U.S. 103, 114, 113 S.Ct. 566, 121 L.Ed.2d 494 (1992)). Wager's substantial degree of success thus necessitates finding that she is entitled to fully recoup her expenses incurred in connection with the Motion to Compel.

Plaintiff also seeks to recover $325–$350 per hour for work performed by Dunnington Associate Sixtine Bousquet-Lambert, which is Ms. Bousquet-Lambert's standard billing rate. Ms. Bousquet-Lambert received her law license in 2012 and a Master's Degree in law in 2013 from the University Pantheon-Assas in Paris, France; a Master's Degree in English and U.S. business law in 2014 from the University Pantheon-Sorbonne in Paris, France; and a LL.M. from Fordham Law School in 2015. Declaration of Sixtine Bousquet-Lambert ("Bousquet-Lambert Decl.") ¶ 4. Ms. Bousquet-Lambert has been admitted to practice in New York State for nearly five years and is also admitted to practice in France. *Id.* ¶ 3. She has over five years of experience litigating commercial disputes in state and federal courts. For instance, Ms. Bousquet-Lambert successfully argued before the Appellate Division, First Department, obtaining a unanimous reversal of two New York Supreme Court orders and an award of summary judgment in a Dunnington client's favor. *iPAYMENT, Inc., Plaintiff-Appellant, v. Andrew Silverman, et al., Defendants-Respondents.*, 2021 NY Slip Op 66211(U) (1st Dept. May 18, 2021). Bousquet-Lambert Decl. ¶ 5.

The rates requested for Ms. Bousquet-Lambert's work on the Motion to Compel are the same as those paid by Ms. Wager in the normal course. Moreover, Ms. Bousquet-Lambert's hourly rate is within the range of hourly rates awarded to similarly experienced attorneys in this District. *Abraham v. Leigh*, 17 Civ. 5429 (KPF), 2020 WL 5512718, *10 (S.D.N.Y. Sept. 14, 2020)

(awarding rate of $325 per hour to law firm associate with five years of experience); *see also Herbalist & Alchemist, Inc. v. Alurent Prod, Inc.*, No. 16 Civ. 9204 (ER), 2018 WL 3329857, at *3 (S.D.N.Y. July 5, 2018) (holding that an hourly rate of $325 was reasonable for a mid-level associate and was within the range of rates that have been approved for law firm associates in this District).

Finally, Plaintiff seeks an hourly rate of $195 for Dunnington Senior Paralegal Christopher Vidulich. Mr. Vidulich is a graduate of Cornell University, and has approximately five and a half years of experience as a paralegal. The requested hourly rate is reasonable in light of Mr. Vidulich's experience. *Joint Stock Co. Channel One Russia Worldwide v. Informir LLC*, 2019 WL 11824921, at *4 (noting that "New York district courts have also recently approved rates for . . . law firm paralegals in amounts of approximately $200 per hour.").

B. The Hours Underlying Wager's Fee Application Are Reasonable

In assessing the reasonableness of hours claimed in a fee application, "[t]he court's role is not to determine whether the number of hours worked by [the movant's] attorneys represents the most efficient use of resources, but rather whether the number is reasonable." *Margel v. E.G.L. Gem Lab Ltd.*, 2009 WL 302069, at *4. In this case, the Motion to Compel was appropriately handled by a team of one partner, one associate and one paralegal. As discussed above, the Court should find that the number of hours spent on Wager's Motion to Compel are reasonable in light of the myriad discovery issues in dispute, all of which were vigorously litigated by G4S in the parties' cross-motions, and comprehensive nature of Plaintiff's briefs. *Fertitta v. Knoedler Gallery, LLC*, No. 14-CV-2259 (JPO), 2018 WL 4961454, at *2 (S.D.N.Y. Oct. 15, 2018) (awarding 100% of hours claimed).

Annexed to the Declaration of Samuel Blaustein are Dunnington invoices generated from contemporaneous time records kept during the course of counsel's preparation of the Motion to Compel. Blaustein Decl. at Ex. A (unredacted versions will be provided to the Court upon request). The invoices are in the proper form, and describe the tasks performed by each timekeeper, the days on which such tasks were performed, and hours incurred for such tasks. *New York Ass'n for Retarded Children, Inc. v. Carey*, 711 F.2d 1136, 1148 (2d Cir. 1983) (noting that time records should "specify, for each attorney, the date, the hours expended, and the nature of the work done"). Moreover, the time records annexed to the Blaustein Declaration reflect hours spent researching and drafting the Motion to Compel, drafting pre-motion letters in accordance with the Local Civil Rules and Court's Individual Practices, and opposing G4S' cross-motion to compel. Blaustein Decl. Exhibit A.  Each of these tasks are properly within the scope of Plaintiff's fee application. *See Wager v. G4S Secure Integration, LLC*, No. 19 Civ. 3547(MKV)(KNF), 2021 WL 293076, at *3 (S.D.N.Y. Jan. 28, 2021) *quoting Romeo & Juliette Laser Hair Removal, Inc. v. Assara I, LLC*, No. 08 Civ. 442 (TPG)(FM), 2013 WL 3322249, at *3 (S.D.N.Y. July 2, 2013) ("The great operative principle of Rule 37 is that the loser pays the expenses incurred in *making or opposing* a motion to compel") (emphasis added).

The chart below provides the respective hours billed by each timekeeper in connection with the Motion to Compel, along with a computation of fees incurred.[3]

|  | Total SAB | Total SBL | Total CV | Fees |
|---|---|---|---|---|
| Pre-Motion letter and correspondence with opposing counsel re: discovery | 32.95 hours at $425/hour totaling: $14,003.75 | 13.3 hours at $325/hour totaling: $4,322.50 | 2 hours at $195/hour totaling: $390.00 | $18,716.25 |

---

[3] Wager's assistance enabled her counsel to conserve a significant number of hours that otherwise would have been spent on the Motion to Compel, greatly reducing her costs.

| | | | | |
|---|---|---|---|---|
| disputes and subpoenas | | | | |
| Pre-Motion letter and correspondence with opposing counsel re: discovery | 20.8 hours at $425/hour totaling: $8,840 | 4.3 hours at $325/hour totaling: $1,397.50 | 1.75 hours at $195/hour totaling: $341.25 | $10,578.25 |
| Motion to Compel | 60.35 hours at $425/hour totaling: $25,648.75 | 42.5 hours at $325/hour totaling: $13,812.50 | 5 hours at $195/hour totaling: $975.00 | $40,436.25 |
| Objections to Judge Fox's Order | 15.1 hours at $425/hour totaling: $6,417.50 | 4.3 hours at $325/hour totaling: $1,397.50 | 1.5 hours at $195/hour totaling: $292.50 | $8,107.50 |
| Total | $54,910.00 | $20,930.00 | $1,998.75 | $77,838.25 |

The chart below details all disbursement and costs incurred in connection with the Motion to Compel:

| | | |
|---|---|---|
| 06/30/2020 | WESTLAW | $676.48 |
| 07/13/2020 | PACER | $5.30 |
| 07/31/2020 | WESTLAW | $463.35 |
| 08/31/2020 | WESTLAW | $123.50 |
| 09/30/2020 | WESTLAW | $114.74 |
| Total | | $1,383.37 |

**II.   WAGER SHOULD BE AWARDED HER FEES IN CONNECTION WITH THE INSTANT FEE APPLICATION.**

A party directed to submit a fee application is entitled to reasonable attorney's fees incurred in making said fee application. *See Novick v. AXA Network, LLC*, No. 07-CV-7767 AKH KNF, 2015 WL 764021, at *4 (S.D.N.Y. Feb. 23, 2015) ("the plaintiff is entitled to the reasonable attorneys' fees he incurred in making the instant fee application"). "[U]nless there are reasons to the contrary, motion costs should be granted whenever underlying costs are allowed." *See Valley Disposal, Inc. v. Central Vt. Solid Waste Mgmt. Dist.*, 71 F.3d 1053, 1060 (2d Cir.1995). Reasonable fees and costs incurred in preparing the fee petitions are "fairly traceable" to a party's sanctionable conduct. *Carrington v. Graden, No*. 18 CIV. 4609 (KPF), 2020 WL 5758916, at *11 (S.D.N.Y. Sept. 28, 2020) *citing Weyant v. Okst*, 198 F.3d 311, 316 (2d Cir. 1999) ("a reasonable fee should be awarded for time reasonably spent in preparing and defending an application for . . . fees"); *see also LBBW Luxemburg*, 2016 WL 5812105, at *7 (explaining that fee application expenses are recoverable because "attorney's fees incurred in preparing the fee application to determine the appropriate amount of the sanctions award are necessarily 'caused by the failure' to

13

obey the Court's order, where the sanctions motion has been granted, such as here"); *Charlestown Cap. Advisors, LLC v. Acero Junction, Inc.*, No. 18CV4437JGKBCM, 2021 WL 1549916, at *8 (S.D.N.Y. Apr. 20, 2021) ("Since Charlestown was directed to submit a fee application in order to document those expenses, it would defeat the purpose of the award to require it to do so at its own expense").

Per the Court's June 8, 2021 Order scheduling briefing on the issue of Wager's entitlement to reasonable expenses pursuant to Rule 37(a)(5)(A), the instant motion will not be fully briefed until July 5, 2021. (ECF 149). Therefore, Wager respectfully requests that the Court grant her leave to submit evidence to G4S of the reasonable fees and expenses incurred in connection with the instant fee application and, in the event of a further dispute between the parties as to the amount off fees and expenses, to schedule an inquest awarding Wager's reasonable expenses, including attorneys' fees and costs, incurred in the filing of her fee application.

## **CONCLUSION**

For the reasons set forth above, Wager respectfully requests that the Court grant the following:

A. An award of Wager's reasonable expenses incurred in connection with her Motion to Compel pursuant to Federal Rule of Civil Procedure 37(a)(5)(A), including attorneys' fees in the amount of $77,838.25, and costs in the amount of $1,383.37;

B. Leave for Wager to submit evidence to G4S of the reasonable fees and expenses incurred in connection with the instant fee application including the anticipated July 5, 2021 papers, in the event of a further dispute between the parties, to schedule an inquest awarding Wager's reasonable expenses, including attorneys' fees and costs, incurred in the filing of her fee application; and

14

    C. Any such other and further relief as the Court deems just and proper.

Date: New York, New York
June 21, 2021

                                        Respectfully submitted,

                                        DUNNINGTON BARTHOLOW & MILLER LLP
                                        *Attorneys for Plaintiff Ashly Wager*

                                        /s   *Samuel Blaustein*
                                    By:   Samuel A. Blaustein
                                              Kamanta C. Kettle
                                              Sixtine Bousquet-Lambert
                                              230 Park Avenue, 21st Floor
                                              New York, NY 10169
                                              Tel: (212) 682-8811
                                              Fax: (212) 661-7769