UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------X
ASHLY WAGER,                                    :

                     Plaintiff,          :          **MEMORANDUM AND ORDER**
                                                            **(AMENDED)[1]**

       -against-                                   :

G4S SECURE INTEGRATION, LLC,          :          19-CV-3547 (MKV) (KNF)

                    Defendant.          :
--------------------------------------------------------X
KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE


      By an order dated January 28, 2021, the assigned district judge remanded the matter to

the undersigned to determine "whether any of the three exceptions under Rule 37(a)(5)(A)

apply— and defers to Magistrate Judge Fox to determine whether Defendant has rebutted the

presumption of a mandatory fee award." Docket Entry No. 132. Before the Court is the

plaintiff's motion for attorneys' fees and costs "incurred in connection with Plaintiff's discovery

motions resulting in the Court's November 27, 2020 Order (ECF 125) against Defendant G4S

Secure Integration, LLC," pursuant to Rule 37(a)(5)(A) of the Federal Rules of Civil Procedure.

The defendant opposes the motion.

## PLAINTIFF'S MOTION FOR ATTORNEYS' FEES

      The plaintiff asserts that none of the three exceptions to Rule 37(a)(5)(A) of the Federal

Rules of Civil procedure applies. She seeks $77,838.25 in attorneys' fees and $1,383.37 in

expenses based on the actual rates she agreed to pay and has paid her counsel, Dunnington

Bartholow & Miller, LLP, to enforce the defendant's compliance with its discovery obligations.

---

[1] The amended memorandum and order is issued solely to correct a typographical error in the "Conclusion" section
of the September 23, 2021 memorandum and order, Docket Entry No. 174, which states erroneously that the Court
granted Docket Entry No. 155, instead of Docket Entry No. 151.

According to the plaintiff, the hourly rates requested are in line with those prevailing in the

community for similar services by lawyers of comparable skills, experience and reputation: (a)

$425 in 2020 and $475 in 2021 for Samuel Blaustein ("Blaustein"), a partner; (b) $325 in 2020

and $350 in 2021 for Sixtine Bousquet-Lambert ("Bousquet-Lambert"), an associate"; and (c)

$195 in 2020 and $225 in 2021 for Cristopher Vidulich ("Vidulich"), a paralegal.   Blaustein

served as a principal drafter of the motion to compel.

> Following a clerkship in this district, Mr. Blaustein has been admitted to practice
> in this district for more than twelve (12) years during which time he has litigated
> cases concerning labor and employment laws. Id. ¶¶ 14–15. Mr. Blaustein has been
> recognized by Super Lawyers® as a "Rising Star" since 2014, and a "Top Rated
> General Litigation Attorney in New York, NY". *Id.* ¶ 16. Mr. Blaustein graduated
> from Brooklyn Law School in 2007, and served as a law clerk for the Hon. Laura
> Taylor Swain and the Hon. George B. Daniels in the Southern District of New York
> from June 2009 to September 2010. *Id.* ¶¶ 14–15. Mr. Blaustein's hourly rates are
> commensurate with the prevailing market rates charged by other lawyers at private
> firms having similar skill, experience and reputation. In 2019 the Honorable
> Barbara C. Moses of this Court approved Mr. Blaustein's proposed rate of $400 per
> hour for work completed in prior years in *Joint Stock Co. Channel One Russia
> Worldwide v. Infomir LLC*, No. 16CV1318GBDBCM, 2019 WL 11825219, at *4
> (S.D.N.Y. June 13, 2019). *See also Sanson v. City of New York*, 19 Civ. 2569 (AT),
> 2021 WL 1191566, at *3 (Mar. 30, 2021) (citations omitted) (acknowledging that
> "[t]he customary rate for experienced litigators ranges from about $400 to $600 per
> hour in civil rights cases"); *Balu v. City of New York*, 12 Civ. 1071, 2016 WL
> 884666, at *4 (S.D.N.Y. Mar. 8, 2016) (setting rate of $450 per hour for
> experienced trial counsel in an employment discrimination case.); *see also Bravia
> Capital Partners, Inc. v. Fike*, 296 F.R.D. at 143–145 (awarding, in 2013, a
> reasonable hourly rate of $375 to a law firm partner, who was the principal drafter
> of the motion to compel, with 15 years of experience); *Mazzei v. Money Store*, 2015
> WL 2129675, at *3 (S.D.N.Y. May 6, 2015) (awarding hourly rate of $450 to
> attorney with fifteen years of experience in the area of complex litigation in federal
> and state courts).   Moreover, applying the *Johnson* Factors to the rates requested
> for Mr. Blaustein, the Court should find that his rates are appropriate in light of the
> time and effort put into the Motion to Compel—consisting of an exhaustive, 32-
> page Memorandum of Law, and two sworn declarations attaching a combined
> forty-three (43) exhibits. *See* Blaustein Decl. ¶ 20. Plaintiff's Motion to Compel,
> moreover, concerned numerous discovery disputes that were vigorously disputed
> between the parties, including G4S' deficient response to Wager's requests for
> document and ESI [electronically stored information] discovery, failure to produce
> critical documents pertaining to Wager's termination and outstanding commissions
> and refusal to allow Wager to conduct a forensic analysis of the device known as

"Ron's iPhone" in contravention of this Court's previous orders; G4S' objections
to Wager's post-deposition discovery requests made on May 26, 2020; G4S' May
8, 2020 objections to Wager's proposed nonparty subpoenas; and G4S' failure to
provide Wager with a complete and updated privilege log. Finally, Wager
succeeded in obtaining every single item of relief requested in her Motion to
Compel, with the sole exception of her motion for an updated and completed
privilege log, which the Court denied as moot after compelling G4S to produce
certain documents and ESI. (Fee Order at 6).

The plaintiff seeks an hourly rate of $325 and $350 for work performed by Bousquet-Lambert,

her standard billing rates.

> Ms. Bousquet-Lambert received her law license in 2012 and a Master's Degree in
> law in 2013 from the University Pantheon-Assas in Paris, France; a Master's
> Degree in English and U.S. business law in 2014 from the University Pantheon-
> Sorbonne in Paris, France; and a LL.M. from Fordham Law School in 2015.
> Declaration of Sixtine Bousquet-Lambert ("Bousquet-Lambert Decl.") ¶ 4. Ms.
> Bousquet-Lambert has been admitted to practice in New York State for nearly five
> years and is also admitted to practice in France. Id. ¶ 3. She has over five years of
> experience litigating commercial disputes in state and federal courts. For instance,
> Ms. Bousquet-Lambert successfully argued before the Appellate Division, First
> Department, obtaining a unanimous reversal of two New York Supreme Court
> orders and an award of summary judgment in a Dunnington client's favor.
> *iPAYMENT, Inc., Plaintiff-Appellant, v. Andrew Silverman, et al.*,
> DefendantsRespondents., 2021 NY Slip Op 66211(U) (1st Dept. May 18, 2021).
> Bousquet-Lambert Decl. ¶ 5.  The rates requested for Ms. Bousquet-Lambert's
> work on the Motion to Compel are the same as those paid by Ms. Wager in the
> normal course. Moreover, Ms. Bousquet-Lambert's hourly rate is within the range
> of hourly rates awarded to similarly experienced attorneys in this District. *Abraham
> v. Leigh*, 17 Civ. 5429 (KPF), 2020 WL 5512718, *10 (S.D.N.Y. Sept. 14, 2020)
> (awarding rate of $325 per hour to law firm associate with five years of experience);
> *see also Herbalist & Alchemist, Inc. v. Alurent Prod, Inc.*, No. 16 Civ. 9204 (ER),
> 2018 WL 3329857, at *3 (S.D.N.Y. July 5, 2018) (holding that an hourly rate of
> $325 was reasonable for a mid-level associate and was within the range of rates that
> have been approved for law firm associates in this District).

The plaintiff seeks $195 and $220 for Vidulich, who "is a graduate of Cornell University, and

has approximately five and a half years of experience as a paralegal.  The requested hourly rates

are reasonable in light of Mr. Vidulich's experience."

According to the plaintiff, the hours expended in connection with the motion to compel

are reasonable: (i) 32.95 by Blaustein, 13.3 by Bousquet-Lambert and 2 by Vidulich on a "Pre-

Motion letter and correspondence with opposing counsel re: discovery disputes and subpoenas";
(ii) 20.8 by Blaustein, 4.3 by Bousquet-Lambert and 1.75 by Vidulich on a "Pre-Motion letter
and correspondence with opposing counsel re: discovery"; (iii) 60.35 by Blaustein, 42.5 by
Bousquet-Lambert and 5 by Vidulich on a "Motion to Compel"; and (iv) 15.1 by Blaustein, 4.3
by Bousquet-Lambert and 1.5 by Vidulich on "Objections to Judge Fox's Order."  The plaintiff
requests $1,383.37 in expenses for Westlaw and Pacer services.  Moreover, the plaintiff requests
"that the Court grant her leave to submit evidence to G4S of the reasonable fees and expenses
incurred in connection with the instant fee application and, in the event of a further dispute
between the parties as to the amount of fees and expenses, to schedule an inquest awarding
Wager's reasonable expenses, including attorneys' fees and costs, incurred in the filing of her fee
application."  In support of the motion, the plaintiff submitted declarations by Blaustein with
exhibits and Bousquet-Lambert.

## DEFENDANT'S OPPOSITION TO THE MOTION

The defendant opposes the motion asserting that the plaintiff "failed to seek disclosure of
specific documents prior to filing her motion to compel."  The plaintiff's counsel "repeatedly
demanded vague categories of documents, such as "HR documents" concerning the plaintiff.
"While objecting to such vague requests, G4S has also produced all responsive documents
uncovered by a good faith search."

The defendant contends that its "positions regarding discovery production have all been
substantially justified, as demonstrated by the briefing to this Court."  "There are three categories
of disputed discovery underlying Plaintiff's motion, including: (1) native commission
statements; (2) a forensic image of Ron Posner's ['Posner'] iPhone; and (3) non-party subpoenas

to Dr. Sara E. Boyd ['Dr. Boyd'], Access Control Technologies ['ACT'], and Stephen Tukavkin

['Tukavkin']. ECF No. 125, p. 2." According to the defendant,

> [o]ver the last two years, Plaintiff has insisted that G4S had not produced commission statements, despite G4S expressly identifying the exact location of the production to Plaintiff's counsel via email on numerous occasions without a response. It was not until the parties' mediation on March 17, 2021, that Plaintiff explained she was seeking commission statements in native format. Approximately one week after Plaintiff properly articulated her request, G4S complied by producing Plaintiff's monthly commission statements in native format as G4S 005651-005662, in addition to commission statements of several other G4S employees. Plaintiff should not be awarded fees in connection with her request for commission statements because G4S' position was reasonable in that it produced the commission statements at the inception of this case, identified the commission statements for Plaintiff in its production, and subsequently produced them again in native format at Plaintiff's request. There is no basis to sanction G4S for Plaintiff's failure to communicate the alleged deficiencies in its production before seeking relief from this Court.

Concerning the issue of Posner's iPhone, the plaintiff refused to cooperate with the

defendant who "preserved a forensic image of Ron Posner's personal iPhone consistent with

Judge Woods' Order in December 2019." While Judge Woods never ordered production of the

forensic image, the defendant attempted to work with the plaintiff to identify a mutually

agreeable scope of information contained on Posner's iPhone, including proposing a protective

order in April 2020, to preserve irrelevant and personal information on Posner's personal device,

which the plaintiff refused. On May 8, 2020, the plaintiff served discovery requests concerning

Posner's personal iPhone, and the defendant reiterated its objections regarding the scope and the

need for a protective order, which the plaintiff refused to negotiate or "informally limit the scope

of ESI from Posner's personal device to resolve the dispute." Moreover, the defendant proposed

a forensic expert to extract relevant information from Posner's personal device and invited the

plaintiff to suggest another method to identify relevant data, which the plaintiff ignored. When

the "Court ordered production of the forensic image," the defendant "complied in requesting that

the parties' forensic expert send a copy of the image directly to Plaintiff's counsel." The defendant was justified and acted reasonably in preserving a copy of Posner's personal device and seeking to protect his privacy and the plaintiff should not be rewarded for bad faith conduct in seeking information on Posner's iPhone.

The defendant contends that its good-faith objections to the plaintiff's non-party subpoena to potential forensic expert Dr. Boyd, ACT and Tukavkin were consistent with Rule 45 and necessary to protect privileged and confidential information. The defendant's position on Dr. Boyd's subpoena is supported by law and the facts of this case, and the plaintiff had no basis to request privileged and confidential information of an expert witness during fact discovery. The plaintiff wasted resources by "her unrelenting pursuit of categorically irrelevant information from Dr. Boyd," knowing that her disclaimer of any emotional distress damages during her deposition would obviate the need for Dr. Boyd as an expert witness. The subpoena on ACT seeking documents regarding disciplinary action or complaints related to the defendant's employee Robert DeSimone ("DeSimone") was also irrelevant, and the defendant was substantially justified in its position of objecting to it because DeSimone's conduct during his employment with ACT did not have any bearing on this action. The plaintiff did not work with Tukavkin and offered no evidence that he has any knowledge of her claims; thus, sanctions are not warranted given that discovery sought was irrelevant. The defendant argues that awarding plaintiff her fees or costs would be unjust due to her proven lack of credibility as a result of her perjury "at the fraudulent TRO hearing," and her "statements cannot be taken at face value, along with her counsel's unprofessional bullying G4S's lead counsel."

The defendant maintains that the requested fees are unreasonable because the conduct of the plaintiff's counsel "unnecessarily and significantly increased the cost, labor and time

6

required in this case, and such misconduct should reduce any award." That conduct included: "(1) requesting irrelevant, vague, and overbroad categories of documents; (2) refusing to provide specific lists of documents or ESI during or as a result of meet and confer conferences; and (3) only providing specificity through motions seeking to compel documents with this Court." The defendant asserts that the requested fees should be reduced significantly "because the time and costs are facially unreasonable and plaintiff has not produced appropriate time and billing records for inspection," making it impossible to analyze what is unreasonable in the time entries.

> It is not necessary, however, to carefully scrutinize the billing records here to conclude that Plaintiff's purported fees and costs are unreasonable. First, Plaintiff flatly admits that the Motion to Compel resulted in maximum fees of only $40,436.25. Plaintiff was only partially successful on this motion, so even that number must be substantially reduced. Second, Plaintiff improperly included billing for an administrative employee, which is not allowed by this Court. Thus, any total must be further reduced by these inappropriate paralegal hours. Third, if any fees are to be awarded, Plaintiff's counsel must produce his full native timekeeping and billing records for inspection, so that G4S' counsel and this Court can analyze the reasonableness of those expenditures under the Second Circuit's factors, which necessarily begin with an inquiry into: "(1) the time and labor required." *See Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. of Albany*, 522 F.3d 182, 190 (2d Cir. 2008). Obviously, it is impossible to determine what time or labor was required without native timekeeping and billing records.

In support of its opposition to the motion, the defendant submitted a declaration by its attorney.

## PLAINTIFF'S REPLY

The plaintiff argues that the defendant: (1) "may not make a collateral challenge to the discovery order to avoid Judge Vyskocil's subsequent directives" because it did not seek reconsideration of the order or otherwise seek any relief in connection with it; (2) "failed to challenge the 'lodestar' amount"; and (3) "has not demonstrated that an exception to the mandatory fee-shifting provision of Rule 37 is warranted," as Judge Vyskocil's order directed. Having lost on the merits, the defendant now objects belatedly to the fee application on the

grounds that the plaintiff "demanded vague categories of documents," even though the documents the plaintiff seeks include "those identified by G4S employees during their depositions."  It is not clear what relevance, if any, the defendant's assertion bears on the plaintiff's entitlement to fees.  The defendant cannot dispute that the plaintiff sought in good faith to resolve the discovery dispute before filing her motion to compel, since the plaintiff received authorization to file her motion.  The plaintiff maintains that the defendant's conduct was not substantially justified, as the Court overruled its objections to "Project Financials" on relevance ground as meritless and found that the defendant was not justified in failing to comply with the Court's scheduling order.  "As acknowledged by the Court, despite its assertion that the Project Financials contain trade secrets and other confidential information as a basis to withhold them from production, G4S failed to seek a protective order resulting in a waiver."

Concerning Posner's iPhone, "in overruling G4S' objections and granting Wager's motion to compel G4S' forensic copy of 'Ron's iPhone', the Court found that G4S had produced no evidence that 'the majority of the data on Mr. Posner's personal device, if not all of it, . . . contain[ed] private and sensitive personal information rather than any evidence to support Plaintiff's unsubstantiated allegation[.]'"  Furthermore, the Court found that the defendant acted unreasonably by failing to seek timely a protective order in connection with Posner's iPhone, despite its knowledge that the plaintiff did not consent to a proposed joint forensic expert. "Contrary to G4S' contentions, the Court also properly overruled G4S' objections to the Wager Subpoenas, finding that G4S 'has no standing to object to the plaintiff's subpoenas directed to Dr. Boyd, Tukavkin and ACT because it failed to assert a claim of privilege or a personal right in connection with those subpoenas, and it has no standing to challenge them on grounds of relevancy.'"  The defendant failed to identify circumstances that would render an award of the

plaintiff's fees and expenses unjust.  The plaintiff requests "leave to seek the fees incurred on

reply."  In support of the reply, the plaintiff submitted Blaustein's declaration with exhibit and

Bousquet-Lambert's declaration.

## LEGAL STANDARD

> If the motion is granted--or if the disclosure or requested discovery is provided after
> the motion was filed--the court must, after giving an opportunity to be heard,
> require the party or deponent whose conduct necessitated the motion, the party or
> attorney advising that conduct, or both to pay the movant's reasonable expenses
> incurred in making the motion, including attorney's fees. But the court must not
> order this payment if:
> **(i)** the movant filed the motion before attempting in good faith to obtain the
> disclosure or discovery without court action;
> **(ii)** the opposing party's nondisclosure, response, or objection was substantially
> justified; or
> **(iii)** other circumstances make an award of expenses unjust.
>
> Fed. R. Civ. P. 37(a)(5)(A).
>
> [T]he test for avoiding the imposition of attorney's fees for resisting discovery in
> district court is whether the resistance was "substantially justified," Fed. Rules Civ.
> Proc. 37(a)(4) and (b)(2)(E). To our knowledge, that has never been described as
> meaning "justified to a high degree," but rather has been said to be satisfied if there
> is a "genuine dispute," Advisory Committee's Notes on 1970 Amendments to Fed.
> Rule Civ. Proc. 37(a)(4), 28 U.S.C. App., p. 601; see, *e.g., Quaker Chair Corp. v.
> Litton Business Systems, Inc.,* 71 F.R.D. 527, 535 (SDNY 1976), or "if reasonable
> people could differ as to [the appropriateness of the contested action.]"
>
> Pierce v. Underwood, 487 U.S. 552, 565, 108 S. Ct. 2541, 2550 (1988) (citations
> omitted).

When exercising their discretion to determine the reasonableness of the attorney's fees

sought in an action based on a federal question, courts in this Circuit use the "presumptively

reasonable fee" standard.  Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of

Albany, 522 F.3d 182, 190 (2d Cir. 2008).  The presumptively reasonable fee, also known as the

lodestar, is "the product of a reasonable hourly rate and the reasonable number of hours required

by the case."  Millea v. Metro-North R.R. Co., 658 F.3d 154, 166 (2d Cir. 2011).  In calculating

the presumptively reasonable fee, a district court must consider, among others, the twelve factors

articulated in <u>Johnson v. Ga. Highway Express, Inc.</u>, 488 F.2d 714 (5th Cir. 1974).  <u>See Arbor</u>

<u>Hill Concerned Citizens Neighborhood Ass'n</u>, 522 F.3d at 190.  Those factors are:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the level of skill required to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the attorney's customary hourly rate; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or the circumstances; (8) the amount involved in the case and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

> <u>Id.</u> at 186-87 n.3.

A reasonable hourly rate is "the rate prevailing in the [relevant] community for similar services

by lawyers of reasonably comparable skill, experience, and reputation."  <u>Farbotko v. Clinton Cty.</u>

<u>of N.Y.</u>, 433 F.3d 204, 208 (2d Cir. 2005) (quoting <u>Blum v. Stenson</u>, 465 U.S. 886, 896 n.11,

104 S. Ct. 1541, 1547 n.11 (1984)).  A fee application that is not supported by evidence of

"contemporaneous time records indicating, for each attorney, the date, the hours expended, and

the nature of the work done" should normally be denied.  <u>New York State Ass'n for Retarded</u>

<u>Children, Inc. v. Carey</u>, 711 F.2d 1136, 1154 (2d Cir. 1983).

## APPLICATION OF LEGAL STANDARD

### *Whether Any of the Three Exceptions Under Rule 37(a)(5)(A) Applies*

#### <u>(i) Whether the Movant Filed the Motion Before Attempting in Good Faith to Obtain the Disclosure or Discovery without Court Action</u>

Any assertion by the defendant that the plaintiff filed her motion before attempting in

good faith to obtain discovery without court action is meritless because the Court denied the

plaintiff's request for a pre-motion conference in connection with her discovery motions, <u>see</u>

Docket Entry No. 112, which triggered the authorization to make a formal motion under Local Civil Rule 37.2 of this court.  Thus, exception (i) to mandatory fees under Rule 37(a)(5)(A) does not apply.

### (ii) Whether the Opposing Party's Nondisclosure, Response, or Objection Was Substantially Justified

For the reasons explained in the plaintiff's motion papers and articulated in the Court's November 27, 2020 order, Docket Entry No. 125, vacated "in part insofar as Magistrate Judge Fox declined to consider Plaintiff's request to recover expenses," Docket Entry No. 132, the Court finds that the defendant's objections to the plaintiff's discovery requests subject to the motion to compel at issue, were not substantially justified.  The defendant's belated attempt to reargue the merits of its objections on the grounds that the plaintiff "demanded vague categories of documents" is meritless.  The  Court already determined in its November 27, 2020 order that: (i) the defendant's objections to "Project Financials" on relevance ground were meritless and found that the defendant was not justified in failing to comply with the Court's scheduling order; (ii) the defendant acted unreasonably by failing to seek timely a protective order in connection with Posner's iPhone, despite its knowledge that the plaintiff did not consent to a proposed joint forensic expert; and (iii) had no standing to object to the plaintiff's subpoenas directed to Dr. Boyd, Tukavkin and ACT because it failed to assert a claim of privilege or a personal right in connection with those subpoenas.  Accordingly, exception (ii) to mandatory fees under Rule 37(a)(5)(A) does not apply.

### (iii) Whether Other Circumstances Make an Award of Expenses Unjust

The defendant asserts that awarding plaintiff her fees or costs would be unjust due to her proven lack of credibility as a result of her perjury "at the fraudulent TRO hearing," and her

"statements cannot be taken at face value, along with her counsel's unprofessional bullying G4S's lead counsel." However, the defendant's assertions that the plaintiff committed perjury, "at the fraudulent TRO hearing," and her counsel "unprofessionally bull[ied] G4S's lead counsel" have been rejected by the Court's September 21, 2021 order denying the defendant's motion for sanctions based on the same grounds. See Docket Entry No. 173. The defendant did not establish that other circumstances make an award of expenses unjust. Thus, exception (iii) to mandatory fees under Rule 37(a)(5)(A) does not apply.

***Whether Requested Hourly Rates Are Reasonable***

The defendant does not challenge the requested hourly rates. Upon review of the plaintiff's submissions, and based on the attorneys' and paralegal's skills, experience and reputation, and the relevant factors, the Court finds that the following hourly rates are reasonable: (1) $425 in 2020 and $475 in 2021 for Blaustein; (2) $325 in 2020 and $350 in 2021 for Bousquet-Lambert; and (3) $195 in 2020 and $225 in 2021 for Vidulich.

***Whether Requested Hours Are Reasonable***

The defendant asserts that the plaintiff failed to submit "native timekeeping and billing records" without citation to any authority or explanation of the phrase "native timekeeping and billing records." Contrary to the defendant's assertion, the plaintiff submitted detailed billing invoices containing time entries for each attorney and paralegal, dates of services provided, a sufficient description of the services provided in connection with the motion to compel and hours of services provided. The defendant's assertion that the plaintiff was "only partially successful" on her motion is baseless because the assigned district judge determined that the "Plaintiff largely prevailed on her motion" and "the expense-shifting provision under Rule 37(a)(5)(A), not Rule 37(a)(5)(C), applies." Docket Entry No. 132. The defendant's assertion that "Plaintiff

improperly included billing for an administrative employee, which is not allowed by this Court"
is rejected as unsupported by citation to any legal authority.  The defendant did not assert any
other basis for challenging the number of hours requested in connection with the plaintiff's
motion to compel or justifying any reduction of hours.  Upon review of the plaintiff's
submissions and consideration of the relevant factors, the Court finds that the following hours
are reasonable: (i) 129.2 expended by Blaustein; (ii) 64.4, expended by Bosquet-Lambert; and
(iii) 10.25, expended by Vidulich.

***Whether Expenses Are Reasonable***

"[W]here an attorney ordinarily charges computer research expenses separately to clients
(rather than treating it as part of overhead), such expenses should be reimbursed in an award of
attorney's fees.  Banco Cent. Del Paraguay v. Paraguay Humanitarian Found., Inc., No. 01 CIV.
9649 (JFK), 2007 WL 747814, at *3 (S.D.N.Y. Mar. 12, 2007) (citation omitted).  The plaintiff's
counsel charged the plaintiff for Pacer and Westlaw research expenses separately.  Thus,
awarding $1,383.37 in expenses is reasonable.

## CONCLUSION

For the foregoing reasons, the plaintiff's motion for attorneys' fees, Docket Entry No.
151, is granted and an award of $77,838.25 in attorneys' fees and $1,383.37 in expenses is
warranted.  The plaintiff shall file her application for attorneys' fees in connection with the
instant fee application, no longer than five double-spaced pages accompanied by evidence, on or
before September 30, 2021.  Any challenge to the reasonableness of the fee application, no
longer than five double-spaced pages, must be filed on or before October 7, 2021, and any reply,

no longer than three double-spaced pages, may be filed on or before October 10, 2021.

Dated:  New York, New York             SO ORDERED:
         September 24, 2021

                                                             _Kevin Nathaniel Fox_
                                                  KEVIN NATHANIEL FOX
                                                  UNITED STATES MAGISTRATE JUDGE

14