UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------X
ASHLY WAGER,                                       :

                          Plaintiff,               :

          -against-                                :          **MEMORANDUM AND ORDER**

G4S SECURE INTEGRATION, LLC,            :             19-CV-3547 (MKV) (KNF)

                          Defendant.       :
--------------------------------------------------------X
KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE


        Before the Court is the plaintiff's motion, pursuant to Rule 37 of the Federal Rules of

Civil Procedure, seeking an order

        (1) to compel documents, information and, if necessary, a privilege log from G4S
        including the documents previously compelled by the Court including the "Project
        Financials," commission records, human resources and finance department records
        pursuant to Rule 37(a) and for an appropriate sanction pursuant to Rule 37(b)(2)
        due to G4S' failure to comply with the Court's November 27, 2020 Discovery
        Order (ECF 125) including and up to a dispositive sanction;
        (2) for appropriate relief resulting from G4S' failure to proffer a prepared corporate
        deponent as required by Rule 30(b)(6) including a preclusion order, resolving issues
        (including dispositive issues) in Wager's favor and/or compelling a replacement
        Rule 30(b)(6) witness;
        (3) to compel documents and information as well as, if necessary, for spoliation
        sanctions concerning the destruction of "Ron's iPhone" following the failure of
        G4S to adhere to the Court's temporary restraining order on September 26, 2019
        (ECF 115-21) and preliminary injunction on October 4, 2019 (ECF 76) which
        directed G4S to obtain and preserve "Ron's iPhone" pursuant to Fed. R. Civ. P.
        37(e);
        (4) for an award of costs and fees, including reasonable attorneys' fees, as
        authorized by Rule 37 and the Court's inherent authority in addition to any other
        relief deemed just, proper and equitable.


Defendant G4S Secure Integration LLC ("G4S") opposes the motion.

## PLAINTIFF'S CONTENTIONS

The plaintiff argues: (1) "The Court Should Compel Discovery From G4S Pursuant To Rule 37(a) And Issue Sanctions For Failure To Comply With The Court's Discovery Order Pursuant To Rule 37(b)"; (2) "The Court Should Award Sanctions For G4S' Failure To Provide A Prepared Rule 30(b)(6) Witness"; (3) "The Court Should Award Relief Concerning Ron's iPhone Including But Not Limited To An Appropriate Sanction Under Rule 37(e)"; and (4) "The Court Should Award Costs And Fees Including Reasonable Attorneys' Fees."  Concerning the first argument, the plaintiff asserts that the defendant failed to comply with the Court's November 27, 2020 order, and she "is entitled to access the 'Project Financials' and the other records sought are critical to her claims and defenses."  The plaintiff contends:

> G4S' testimony that it has documentation Wager needs to pursue her claims and reassertion of overruled objections shows its willfulness. The period of G4S' non-compliance has persisted for many months; and the Court has provided G4S with an opportunity to continue to meet and confer and months of time to mediate the parties' disputes. Instead, G4S has squandered those opportunities and engaged in dilatory conduct, which has prejudicially delayed this case such that no lesser sanction other than a determination as to G4S' liability would make Wager whole if documents and information (including that specified in the Discovery Order and Ex. 9 to the Blaustein Decl.) are not immediately produced and Wager's fees paid.

With respect to her second argument, the plaintiff asserts that

> G4S deliberately replaced a qualified and knowledgeable 30(b)(6) witness—who likely would have verified many of Wager's allegations—with [Michael] Letizia. Letizia was not adequately prepared to testify given his inability to respond to 84 questions with any degree of knowledge or preparation. G4S concedes that Mr. Letizia was inadequate and ignored Wager's overtures to consider other prior deponents as 30(b)(6) witnesses. G4S should be ordered to pay Wager's attorney's fees for failing to provide an adequate 30(b)(6) witness and should compel G4S to provide properly prepared witnesses along with an award of all associated costs, and should preclude G4S from presenting documents which it has not produced.

As for the third argument, the plaintiff contends:

Here, the District Court expressly ordered the preservation of "Ron's iPhone" and the data which could be contained on it. Notwithstanding this Order, G4S never made any efforts to protect the data on "Ron's iPhone" and never bothered to tell him about the TRO. Ron Posner later testified that he disposed of his phone and purchased a new phone. Moreover, the purchase of the new phone was not supported by company records, indicating that Posner purchased the phone from an unapproved source. The failure to preserve "Ron's iPhone" and any evidence it may contain warrants sanctions against the Defendant. . . .  The Court should compel G4S to produce records concerning when it collected Posner's phone and when the phone that was imaged was obtained. The Court should award an appropriate sanction if this information cannot be provided or it is revealed that the phone was destroyed up to and including an adverse inference and should instruct G4S that continued conduct warrants a conditional default.

In connection with the fourth argument, the plaintiff argues:

Wager is entitled to an award of attorneys' fees resulting from G4S' refusal to comply in good faith with discovery, despite numerous meet and confers, discovery motions, and in light of the vast inconsistencies in the discovery provided. This refusal warrants the grant of the current motion to compel and for sanctions and, under guiding case law, requires that Wager be awarded attorneys' fees and costs for the current motion.

In support of her motion, the plaintiff submitted: (i) her declaration with Exhibit 1 ("my 2017 Account Manager Plan") and Exhibit 2 ("my 2018 Key Account Manger Incentive Plan (the 'Commission Plans')"); and (ii) her attorney's declaration with exhibits.

## DEFENDANT'S CONTENTIONS

The defendant argues: (1) "Plaintiff is Not Entitled to Sanctions for Project Financials Because G4S Produced Project Financials Consistent with Plaintiff's Request and This Court's Discovery Order"; and (2) "Since Plaintiff's Request for Sanctions Rests on the False Assertion That G4S Has Not Complied With The Discovery Order, Plaintiff's Request Should Be Denied and G4S Should Be Awarded Fees For Having To Respond to This Baseless Motion."

According to the defendant,

Plaintiff's request for sanctions fails on every single factor largely because Plaintiff cannot rebut G4S' showing that it complied with the Court's Discovery Order regarding Project Financials when it produced spreadsheets labeled as G4S 005576-

005577, Plaintiff's commission calculations labeled as G4S 005651-005662, and commission calculations of alleged comparators, Michael Letizia and Michael Gioia, labeled as G4S 005631-005650. Thus, G4S complied with the Discovery Order and there are numerous options more effective and more appropriate than sanctions, such as requiring Plaintiff's counsel to confer with G4S' counsel regarding what documents Plaintiff's believes are outstanding instead of advancing provably false assertions regarding G4S' production. For instance, Plaintiff's request to compel and request for sanctions rests on the plainly false claim that G4S failed to produce data from AQ and Sales Force, job cost reports, monthly contract cost reports, and commission statements of her alleged comparators. Plaintiff has demonstrated the goal is not to resolve this case on the merits, but to needlessly increase the costs of discovery, pursue what has clearly become a personal vendetta against her former supervisor, Ron Posner, and seek a litigation advantage by engaging in ethical behavior and misleading the Court as to the true status of the discovery in this matter.

The defendant asserts:

Plaintiff makes egregious claims regarding her request for sanctions as it pertains to Ron's iPhone. Since G4S complied with both orders pertaining to Ron's iPhone, this Court should disregard Plaintiff's requested relief in its entirety. Inexplicably, Plaintiff concludes without support that, "the District Court expressly ordered the preservation of 'Ron's iPhone' and the data which could be contained on it. Notwithstanding this Order, G4S never made any efforts to produce the data on 'Ron's iPhone' and never bothered to tell him about the TRO." ECF No. 158, p. 30. Plaintiff's blatant misrepresentations in support for her request should be admonished. Contrary to her allegations, G4S promptly retained Global Digital Forensics following Judge Woods directive to preserve the iPhone to the extent possible, while considering that Mr. Posner was a non-party and the iPhone was his personal device. ECF No. 89. G4S was cautious to not alert Mr. Posner to the pending TRO to prevent any concerns of spoliation and the imaging was completed and preserved by Global Digital Forensics until the issuance of this Court's Discovery Order, which ordered G4S to produce a copy to Plaintiff. While the issue of Ron's iPhone arose only due to Plaintiff's perjury, G4S complied with Judge Woods order, paid the full cost of the forensic imaging, complied with this Court's discovery order and produced a copy of the image to Plaintiff. Despite G4S' total compliance and Plaintiff's possession of the image, Plaintiff asks to be rewarded for engaging in needless discovery and motion practice with a baseless request for sanctions and attorney fees.

In support of its opposition the defendant submitted a declaration by its attorney, stating that the defendant produced: (a) "Plaintiff's complete personnel file, its human resource policies, and communications with human resources, and Plaintiff's performance counseling reports. G4S

4

000001-000292"; (b) "approximately fifty pages of complaints from customers detailing Plaintiff's poor performance, non-responsiveness, and deficient work product.  G4S 005578-005631"; and (c) "project financials to Plaintiff's counsel in response to the Discovery Order as 005576 and 005577" containing "numerous data sheets with commission summaries by project, data exported from AQ and Salesforce, job cost details, cost by job, monthly contract costing reports with contract values and revenues by project."  Moreover, "G4S has incurred approximately $1,000 in costs for imaging the iPhone," and since the defendant's Rule 30(b)(6) witness "was not able to answer certain questions by Plaintiff's counsel," "G4S agreed to offer a substitute 30(b)(6) to answer any outstanding questions Plaintiff may have."

## PLAINTIFF'S REPLY

In reply, the plaintiff argues that the defendant's opposition does not include any exhibits or testimony, and the defendant did not produce "Project Financials, Human Resource And Other Documents."  The defendant did not provide any details of its efforts to comply with the discovery requests or any testimony concerning its non-compliance with the Court's discovery order and discovery requests.  The plaintiff asserts that the two pages the defendant claims represent "Project Financials" "are pages 8 and 9 of a 26-page document that appears to be a list of documents that G4S will include in a project closeout report – not any actual documents concerning relevant projects of the associated 'Project Financials,'" and "none of the information it points to concerns Wager's commissions or their calculation."  According to the plaintiff,

> G4S' position concerning the "Project Financials" is in stark contrast to its position prior to the issuance of the Court's November 27, 2020 Discovery Order which found G4S waived any claim for confidentiality. (ECF 125 at 22-23). Specifically, on July 2, 2020 G4S' counsel wrote: In response to your question regarding the project financials, we are serious about producing them, but as previously stated, will not do so without an appropriate protective order in place. . . .  G4S is really being generous in agreeing to produce the underlying project financials that contain confidential information and trade secrets. (Blaustein Reply Ex. 2).

5

Concerning the defendant's claim that it produced the plaintiff's complete personnel file, the defendant did not produce the documents "G4S was obligated to maintain pursuant to its own record keeping and human resources policies which were specifically identified by Wager in her April 28, 2021 demand deficiency list preceding this motion." Furthermore, "the failure to submit any evidence in opposition, including for purposes of claiming a privilege vis-à-vis Dr. Boyd, Ron's iPhone, Project Financials or otherwise, warrants an award in favor of the moving party." The defendant does not dispute that Letizia was not prepared to serve as a Rule 30(b)(6) witness. Moreover, no privilege applies to the underlying "facts and data considered by the expert," and "G4S' position vis-à-vis Dr. Boyd is indefensible and contrary to Judge Woods' directives." With respect to "Ron's iPhone," the date Posner destroyed his last phone is clearly relevant in light of the defendant's failure to even notify Posner of Judge Woods' temporary restraining order. In support of her reply, the plaintiff submitted a declaration by her attorney with exhibits.

## LEGAL STANDARD

"On notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery." Fed. R. Civ. P. 37(a)(1).

(A) *If the Motion* [pursuant to Fed. R. Civ. P. 37(a)] *Is Granted (or Disclosure or Discovery Is Provided After Filing).* If the motion is granted--or if the disclosure or requested discovery is provided after the motion was filed--the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But the court must not order this payment if:
(i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;
(ii) the opposing party's nondisclosure, response, or objection was substantially justified; or
(iii) other circumstances make an award of expenses unjust.
(B) *If the Motion Is Denied.* If the motion is denied, the court may issue any protective order authorized under Rule 26(c) and must, after giving an opportunity

6

to be heard, require the movant, the attorney filing the motion, or both to pay the party or deponent who opposed the motion its reasonable expenses incurred in opposing the motion, including attorney's fees. But the court must not order this payment if the motion was substantially justified or other circumstances make an award of expenses unjust.

(C) *If the Motion Is Granted in Part and Denied in Part.* If the motion is granted in part and denied in part, the court may issue any protective order authorized under Rule 26(c) and may, after giving an opportunity to be heard, apportion the reasonable expenses for the motion.

Fed. R. Civ. P. 37(a)(5).

If a party or a party's officer, director, or managing agent--or a witness designated under Rule 30(b)(6) or 31(a)(4)--fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a), the court where the action is pending may issue further just orders. They may include the following:

(i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;

(ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;

(iii) striking pleadings in whole or in part;

(iv) staying further proceedings until the order is obeyed;

(v) dismissing the action or proceeding in whole or in part;

(vi) rendering a default judgment against the disobedient party; or

(vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Fed. R. Civ. P. 37(b)(2)(A).

"Provided that there is a clearly articulated order of the court requiring specified discovery, the district court has the authority to impose Rule 37(b) sanctions for noncompliance with that order." Daval Steel Prod. v. M/V Fakredine, 951 F.2d 1357, 1363 (2d Cir. 1991). "Instead of or in addition to the orders above, the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed R. Civ. P. 37(b)(2)(C).

In imposing Rule 37 sanctions, . . . courts properly consider various factors, including "(1) the willfulness of the non-compliant party or the reason for noncompliance; (2) the efficacy of lesser sanctions; (3) the duration of the period of noncompliance[;] and (4) whether the non–compliant party had been warned of the consequences of noncompliance." *Southern New England Tel. Co. v. Global NAPs Inc.*, 624 F.3d at 144 (internal quotation marks omitted); *see also id.* (observing that factors are "not exclusive").

Funk v. Belneftekhim, 861 F.3d 354, 366 (2d Cir. 2017).


The discovery provisions of the Federal Rules of Civil Procedure are "designed to achieve disclosure of all the evidence relevant to the merits of a controversy." It is intended that this disclosure of evidence proceed at the initiative of the parties, free from the time-consuming and costly process of court intervention. When a party seeks to frustrate this design by disobeying discovery orders, thereby preventing disclosure of facts essential to an adjudication on the merits, severe sanctions are appropriate. *See National Hockey League,* 427 U.S. at 643, 96 S.Ct. at 2781 (availability of severe sanctions necessary both to penalize recalcitrant parties and deter others from similar conduct); *see generally Update Art, Inc. v. Modiin Publishing, Ltd.,* 843 F.2d 67, 73 (2d Cir.1988) (compliance with discovery orders "necessary to the integrity of our judicial process").

Daval Steel Prods., 951 F.2d at 1365 (citations omitted).

If electronically stored information that should have been preserved in the anticipation or conduct of litigation is lost because a party failed to take reasonable steps to preserve it, and it cannot be restored or replaced through additional discovery, the court:
(1) upon finding prejudice to another party from loss of the information, may order measures no greater than necessary to cure the prejudice; or
(2) only upon finding that the party acted with the intent to deprive another party of the information's use in the litigation may:
(A) presume that the lost information was unfavorable to the party;
(B) instruct the jury that it may or must presume the information was unfavorable to the party; or
(C) dismiss the action or enter a default judgment.

Fed. R. Civ. P. 37(e).


The party seeking discovery sanctions on the basis of spoliation must show by a preponderance of the evidence: "(1) that the party having control over the evidence had an obligation to preserve it at the time it was destroyed; (2) that the records were destroyed with a culpable state of mind; and (3) that the destroyed evidence was relevant to the party's claim or defense such that a reasonable trier of fact could

find that it would support that claim or defense." *Chin v. Port Auth. of N.Y. & N.J.*, 685 F.3d 135, 162 (2d Cir. 2012) (internal quotation marks omitted).

Klipsch Grp., Inc. v. ePRO E-Com. Ltd., 880 F.3d 620, 628 (2d Cir. 2018).

Disciplinary sanctions under Rule 37 are intended to serve three purposes. First, they ensure that a party will not benefit from its own failure to comply. Second, they are specific deterrents and seek to obtain compliance with the particular order issued. Third, they are intended to serve a general deterrent effect on the case at hand and on other litigation, provided that the party against whom they are imposed was in some sense at fault. *National Hockey League v. Metropolitan Hockey Club, Inc.,* 427 U.S. 639 (1976) (per curiam); *Cine Forty-Second Street Theatre Corp. v. Allied Artists Pictures Corp.,* 602 F.2d 1062, 1066 (2 Cir.1979). The harshest sanctions available are preclusion of evidence and dismissal of the action.

Update Art, Inc. v. Modiin Pub., Ltd., 843 F.2d 67, 71 (2d Cir. 1988).

[D]ismissal or default imposed pursuant to Rule 37 is a "drastic remedy" generally to be used only when the district judge has considered lesser alternatives. . . . [D]ismissal or default is justified if the district court finds that the failure to comply with discovery orders was due to "willfulness, bad faith, or any fault" of the party sanctioned. The district court is free to consider "the full record in the case in order to select the appropriate sanction."

S. New England Tel. Co. v. Glob. NAPs Inc., 624 F.3d 123, 144 (2d Cir. 2010) (citations omitted).

"[A] district court's imposition of Rule 37 discovery sanctions" is discretionary. Funk, 861 F.3d at 365.

## APPLICATION OF LEGAL STANDARD

### *"The Court Should Compel Discovery From G4S Pursuant To Rule 37(a) And Issue Sanctions For Failure To Comply With The Court's Discovery Order Pursuant To Rule 37(b)"*

In her first argument, the plaintiff asserts that she is "entitled to access the 'Project Financials' and the other records sought are critical to her claims and defenses."  Other than asserting, in a conclusory fashion, that "the other records sought are critical to her claims and

defenses," the plaintiff failed to make any argument that sanctions are warranted based on the defendant's failure to comply with the Court's November 27, 2020 directive to produce any specific documents apart from "Project Financials." Referencing "documents and information" from the Court's "Discovery Order" and "Ex. 9 to the Blaustein Decl.," without addressing in the plaintiff's argument section each specific directive to produce documents and the way the defendant failed to comply with it, is insufficient to satisfy the plaintiff's burden. Moreover, Exhibit 9 to the declaration of the plaintiff's counsel, styled "Outstanding Discovery as of April 28, 2021," does not indicate in any manner the document requests to which each item listed is responsive or whether, if at all, each numbered item claimed to be outstanding was directed to be produced by the November 27, 2020 order. Accordingly, the Court will address the plaintiff's request for sanctions concerning the defendant's failure to comply with the Court's November 27, 2020 order directing production of "Project Financials"

The defendant does not assert that the Court's November 27, 2020 order was not clear and unambiguous when it directed the defendant to respond to the plaintiff's April 24, 2020 document request No. 2 seeking "All documents and communications concerning 'project financials' including without limitation 'project finance close-out reports' costs and profit/loss reports and attribution of profits and payment of commissions concerning any contract or client procured or worked on by Wager during the Relevant Period." The defendant's counsel states in her declaration in opposition to the motion that the defendant "produced project financials to Plaintiff's counsel in response to the Discovery Order as 005576 and 005577. G4S' production contains numerous data sheets with commission summaries by project, data exported from AQ and Salesforce, job cost details, cost by job, monthly contract costing reports with contract

values and revenues by project.  G4S 005576 and 005577."  However, the reply declaration of

the plaintiff's counsel indicates that G4S 005576 and 005577,

> [t]he two pages cited [by the defendant's counsel,] are in fact pages 8 and 9 of a 26-page document that appears to be a list of documents that CG4S will include in a project closeout report – not any actual documents concerning relevant projects of the associated "Project Financials."  The documents do not include spreadsheets, a Job Cost Report or any information concerning Wager's commissions or their calculation as asserted by G4S.

The defendant did not: (a) provide any evidence demonstrating that it produced "Project

Financials" as directed by the Court's November 27, 2020 order; (b) provide any evidence

corroborating its counsel's assertions in her declaration concerning "Project Financials"; and (c)

explain the reasons for noncompliance with the Court's November 27, 2020 order.  The plaintiff

rebutted defense counsel's assertions concerning the defendant's production of "Project

Financials."  The Court finds that the defendant failed to comply with the Court's November 27,

2020 clear and unambiguous order to respond to the plaintiff's April 24, 2020 document request

No. 2 seeking "Project Financials."

Although the plaintiff makes citation to Rule 37(a)(1) of the Federal Rules of Civil

procedure in connection with her first argument, she does not seek to compel discovery

affirmatively and she does not discuss why compelling discovery of documents previously

ordered to be produced is appropriate; rather, the plaintiff argues that "[t]he Court may, and in

this case should, award a dispositive sanction," asserting "that no lesser sanction other than a

determination as to G4S' liability would make Wager whole if documents and information

(including that specified in the Discovery Order and Ex. 9 to the Blaustein Decl.) are not

immediately produced and Wager's fees paid."  The plaintiff's argument that the Court should

compel discovery and issue a "dispositive sanction" at the same time is contradictory.  The

plaintiff did not address sanctions lesser than an unidentified "dispositive sanction," as provided by Rule 37(b)(2)(A), or explain why any sanction lesser than a "dispositive sanction" is not appropriate in this case.  Given that "default imposed pursuant to Rule 37 is a 'drastic remedy,'" the Court must consider "lesser alternatives."  S. New England Tel. Co., 624 F.3d at 144.  In light of the record in this case, including the defendant's attempt to reassert the objections overruled by the Court's November 27, 2020 order after that date, the Court finds that a lesser sanction than dispositive is appropriate in connection with the defendant's failure to comply with the Court's November 27, 2020 directive to produce "Project Financials" in the form of an adverse inference against the defendant, the specific language and scope of which are to be determined by the assigned district judge prior to trial.

***"The Court Should Award Sanctions For G4S' Failure To Provide A Prepared Rule 30(b)(6) Witness"***

The plaintiff asserts that "G4S should be ordered to pay Wager's attorney's fees for failing to provide an adequate 30(b)(6) witness and should compel G4S to provide properly prepared witnesses along with an award of all associated costs, and should preclude G4S from presenting documents which it has not produced."  The defendant asserts that Letizia was a competent Rule 30(b)(6) witness, while at the same time contending that it agreed to offer a substitute to answer any outstanding questions that plaintiff may have on specific topics, which the plaintiff refused.  In a letter dated January 12, 2021, attached as Exhibit 4 to the declaration of the plaintiff's counsel in support of the motion, the plaintiff notified the defendant as follows:

> A review of Mr. Letizia's transcript provides at least eighty-four (84) instances in which Mr. Letizia was unable to answer questions, claimed he could not recall the answer or that he had not accessed the documents in which the answer could be found (and similarly that he did not know if the document was ever produced.

The defendant concedes and the record demonstrates that the defendant's Rule 30(b)(6) was not prepared adequately for his deposition. The defendant provided no justification for the failure. The Court finds that the sanctions requested by the plaintiff are warranted under the circumstances, namely, the defendant shall: (1) pay the plaintiff's attorney's fees associated with the failure to provide an adequate 30(b)(6) witness; (2) provide properly prepared Rule 30(b)(6) witness to be examined no later than 30 days from the date of this order; (3) not present at the deposition documents it has not produced to the plaintiff; and (4) pay the costs associated with the deposition of the properly prepared Rule 30(b)(6) deponent.

### *"The Court Should Award Relief Concerning Ron's iPhone Including But Not Limited To An Appropriate Sanction Under Rule 37(e)"*

The plaintiff asserts that "[t]he failure to preserve 'Ron's iPhone' and any evidence it may contain warrants sanctions against the Defendant," and requests that the Court "compel G4S to produce records concerning when it collected Posner's phone and when the phone that was imaged was obtained." The defendant asserts that, "[s]ince G4S complied with both orders pertaining to Ron's iPhone, this Court should disregard Plaintiff's requested relief in its entirety." In the instant motion, the plaintiff made citation to evidence she believes suggests that spoliation occurred in connection with "Ron's iPhone." However, the plaintiff was not successful in her attempt to obtain from the defendant information necessary to establish the timeframe and the nature of occurrences pertinent to "Ron's iPhone."

The Court finds that granting the relief requested by the plaintiff is warranted. The defendant shall produce to the plaintiff, within seven days from the date of this order "records concerning when it collected Posner's phone and when the phone that was imaged was obtained." If the plaintiff determines upon receiving information from the defendant that she

wishes to pursue the spoliation motion, she must file a memorandum of law no longer than ten double-spaced pages supported by admissible evidence ten days after receiving the information form the defendant.  The defendant's opposing memorandum of law no longer than ten double-spaced pages and supported by admissible evidence shall be filed no later than seven days from the date of the plaintiff's motion.  Any reply, no longer than five double-spaced pages, shall be filed no later than five days from the defendant's opposition.

***"The Court Should Award Costs And Fees Including Reasonable Attorneys' Fees"***

The plaintiff seeks "attorney's fees and costs for the current motion."  The defendant asserts that her request for attorney's fees is baseless, without citation to any authority or evidence.  Under the circumstances of this case, the Court finds that awarding reasonable attorney's fees and costs in connection with the plaintiff' instant motion is warranted.

## CONCLUSION

For the foregoing reasons, the plaintiff's motion, Docket Entry No. 155, is granted as explained in this memorandum and order.

Dated:  New York, New York
        November 15, 2021

SO ORDERED:

*Kevin Nathaniel Fox*

KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE